BREAUX, O. J.
Plaintiff brought this suit against defendants in solido for $5,250, with legal interest from judicial demand.
The Hotel Grünewald Company, one of the parties defendants, is the owner of the Hotel Grünewald, and J. A. Sicard, the other defendant, a contractor and builder. They are charged by plaintiff with having trespassed upon her property while constructing the Hotel .Grünewald extension. The property of each is in the same square. Plaintiff’s contention is that they were reckless in making this improvement, to such an extent that plaintiff’s property was rendered untenantable and unsafe. The tenants abandoned her premises. Plaintiff states that there was carelessness in putting down the piling; they were not placed in line. She also complained of the exploding dynamite which forced the walls of her building from the perpendicular line which had been followed in their construction. She also complains of the destruction of her drainage in the passageway between her building and the Hotel Grünewald.
Some time ago one of her tenants, Miss Reynolds, instituted suit against her and alleged that the house was not in a tenantable condition. She obtained a judgment against plaintiff dissolving her lease.
Plaintiff further alleged in substance that another of her tenants was obliged to close his moving picture gallery, which cost a considerable amount — over $5,000.
The pleadings attract attention to the decision in Egan v. Hotel Grünewald Go., and to its bearing upon the issues here, 129 La. 166, *743 55 South. 750, in which it was decided that the claim for the loss of rent was well founded but not allowed because it had not been satisfactorily made to appear by settlement between plaintiff and her tenant how much •plaintiff had paid the tenant or in what sum she was indebted to the tenant because of damages occasioned to the latter.
There is another decision connected with the issues of the case (Reynolds v. Egan, 123 La. 314, 48 South. 940). In this last case the court granted plaintiff’s demand to cancel the lease. 'The question of difference between the repairs and reconstruction of the building arises in that, case. As the question was one of “reconstruction,” the court sustained the tenant, who cannot be held to the necessity of reconstructing a building, whatever a tenant might have to do in case of “repairs.”
There is a statement in the pleadings that the Hotel Grünewald Company and J. A. Sicard were joint tort-feasors and liable in solido for their acts as such. The statement was that the judgment was in part reversed and in part granted. The amount of the judgment granted was $4,852.21 and a small additional amount in payment of expert fees.
In the suit in hand, defendants filed an exception alleging vagueness in plaintiff’s petition. The court directed the plaintiff to amend her petition; in case of failure to amend, the petition would be dismissed. Plaintiff amended her petition. She alleged with particularity the amount of damages owing to the loss of tenants ; she gave names and dates, and also the dates from which the damages commenced, and all similar details, including the names of persons by whom the damage had been committed. Plaintiff alleged that the damages were the result of continuous torts on the part of the defendants ; that, at the time the damages were committed, plaintiff did not know of these acts of trespass and the consequent loss, but, after her petition had been filed and service had been made, these continuing damages became known to her.
She alleged that the alleged torts arising from the acts of the owners of the skyscraper gave concern to plaintiff for the safety of her buildings.
The itemized statement of plaintiff, as per her amended petition, are for repairs to her building____ $718.00.
There is one item put down as the last amount, paid by one Melassanos ......................... 416.54.
Another item is mentioned in the petition as a payment by him for rent from December, 1909, to August, 1911, for 20 months......... 8,323.30.
Amount of rent repaid to Miss Reynolds by plaintiff in accordance with the decision in Mary L. Egan v. Hotel Grunewald Co. and J. A. Sicard, Nos. 18,384 and 18,409.... 759.00.
Making a total of..............$9,092.20.
As to another tenant, Melassanos:
The petitioner averred that, after his bankruptcy, she succeeded in leasing her property upon the ground floor to one McDolrich at $75 per week for four weeks, making a total of $300. To Stroudback and Stern, $3 per day, $27. To John Depent, 14 months’ rent, which she collected, making total collected of $3,500, leaving a balance as per this account of $5,260.20.
After the supplemental petition had been filed and the amendment allowed, the Hotel Grünewald Company excepted on the ground that plaintiff’s petition discloses no cause of action; and a similar petition was filed by .J. A. Sicard.
These exceptions were overruled; thereupon each defendant pleaded the prescription of one year. This plea of prescription was referred to the merits. Subsequently. the defendants filed a plea of res judicata on *745 the ground that with the exception of the alleged repayment by plaintiff to Miss Reynolds, a former tenant of plaintiff, all questions involved in this suit were finally decided and disposed of in the case of Mary L. Egan v. Hotel Grunewald Co. and Others, 129 La. 163, 55 South. 750.
Plaintiff’s counsel filed a motion for an order on defendants to show cause, on a day stated, why the exception of res judicata should not be taken as an answer.
The court in passing upon this motion to compel defendants to show cause, stated that plaintiff’s right to bring this suit was reserved in the decision in the case (129 La. 163, 55 South. 750). The court thereafter stated, in ruling upon this motion, “that the two suits are between the same parties, that the three exceptions should have been filed at the same time,” made the rule absolute, and ordered the clerk to place the case on the trial docket, and further directed the defendants to file their answers in five days.
The answer was not filed in the five days, but some time thereafter the Hotel Grünewald Company filed an answer denying plaintiff’s allegation, and in addition tendering to plaintiff, after having deposited the amount, the sum of $759, with legal interest from the 6th of November to date, as well as plaintiff’s costs, amounting to $51, in payment of amount paid by plaintiff to defendant, tenant, as before mentioned, and costs.
Sicard also answered and limited his answer to a general denial.
Again the defendants pleaded the prescription of one year, directed this plea against the claim for alleged loss of rent under the Melassanos lease.
Judgment was rendered on October 29, 1912, in favor of the defendants, the Hotel Grünewald Company, Limited, and J. A. Sicard, and against plaintiff, Miss Egan, condemning the latter to accept in full settlement of all claims and demands against the defendants set up in her petition, growing out of the refund of rents to Mrs. Reynolds, tenant, the sum of $831, which includes, said the court, interest and costs.
The exception of res judicata and the plea of prescription of one year as a bar to the other claims set forth by the plaintiff, “growing out of what is known as the Melassanos lease,” were maintained.
The plaintiff appealed from the judgment.
[4] The plaintiff complains of the ruling of the district court excluding the testimony of Melassanos, former tenant, answered before a notary authorized by commission, as this witness resided in Mobile.
The defendants objected to the admissibility of this testimony on the ground that the notary did not write it down as given by the witness.
. The following is the answer of the notary:
“I hereby certify that the answers of the witness to the several interrogatories were reduced to writing by me as near as might he in the language of the witness.” (Italics ours.)
No.rule had been taken to have the interrogatories read. The court states:
“There had been no rule taken to show cause why the commission should not be offered in evidence on the trial of the case. If that rule had been taken, it would have cured the defects in the form of the taking of the commission; now it is evident that there is defect in the form, mode, and manner of executing the commission.”
The court excluded the testimony, and to this ruling the plaintiff reserved a bill of exceptions. The court offered to grant time to the plaintiff to take the testimony in due form. This offer was not accepted, but a bill of exceptions - was taken to the court’s ruling excluding th^. testimony, as just above stated.
The law of Alabama makes it the duty of the commissioner to write the answer as near as may be in the language of the witness. It seems it was the purpose of the witness to comply with the law of the state *747 of Alabama upon tbe subject, but tbe act of taking the testimony was prepared to be executed in this state, in which there is no such law.
The testimony is not regularly before us, although it is copied in the record.
True, the bill of exceptions was taken in the usual form of such bills of exceptions in the trial of civil cases, but the interrogatories and answers were not made part of the bill of exceptions.
We are not asked to remand the case in order to enable plaintiff to introduce the testimony to be taken in due form. There were objections on other grounds. We only recite the foregoing, as we think it is sufficient to sustain the ruling of the district court.
[1] Another ground of complaint is that defendants filed exceptions on different days. As one was decided, it would be followed by another. Plaintiff’s counsel complained and said that they should all be filed at one and the same time, a complaint which met with the approval of the court, who directed the defendants to file an answer in five days, as before mentioned. This was a matter of practice which has no direct bearing on the substantial rights of the parties.
We think that the remark of the court was timely, and that it was proper to put an end to the filing of exceptions on different days. This is the extent of our finding upon this point.
[2] On the same day, to wit, March 2,1912, each defendant filed a plea of res judicata to all of the claims of the plaintiff except those alleging repayment to Mrs. Reynolds.
On the .motion of counsel, the court ordered the defendants to show cause on the 22d day of March, 1912, why the exceptions should not be taken as an answer, and why the case should not be placed on the call docket and fixed for trial. The exceptions were referred to the merits.
The court, without reference to the answers, sustained, as we have stated, the pleas of res judicata and of prescription.
During the trial, while witnesses were being examined, plaintiff sought to prove a signature. Defendants objected to the testimony to prove this signature or any other testimony on the ground that the exception of res judicata previously filed had not been decided, and that, until decided, the evidence offered should not be received. The court overruled the objection and stated that it had already passed upon the plea of directing that it should stand as an answer. Defendants excepted and reserved a bill of exceptions. The trial was proceeded with, and nothing was said of that plea until it was disposed of and made part of the ground for rejecting the demand.
One of the plaintiff’s grounds is that the admission of tort-feasors by defendants, made in their exceptions and afterward taken for their answers, entitled her to judgment.
We cannot agree with that view.
These pleas of res judicata and prescription were specially pleaded and specially passed upon by the court and sustained. No permanent admissions were made which would have justified the court ordering them to stand as part of the answers, in treating them as admissions, and render judgment thereon. In other words, the plaintiff had no good cause of complaint. She could not recover a judgment in any event, as the pleas are sustained.
Plaintiff’s further contention at this time Is that defendants, in filing their answer to the ruling of the court, made no application to amend the exceptions that had been referred to the merits.
Defendants had reserved the benefit of their exceptions previously filed. There was no good ground to require them to amend, as suggested by plaintiff at this time. In their *749 answer the defendants tendered the $759, with interest, and other items, amounting to the sum stated, to pay rent returned by plaintiff to Mrs. Reynolds. Previous to the mention of this tender in the answer, defendants alleged, “Reserving the exceptions heretofore filed.”
We note in plaintiff’s brief (page 57) it is stated that defendants’ answer by way of general denial—
“is inconsistent with their exception of no cause of action standing by the order of the trial judge as an answer, is error.”
The trial court did not refer the plea of no cause of action to the merits. It was overruled a considerable time before the ease was tried.
[3] In the second place the contention on the part of plaintiff is that defendants’ answer by way of general denial is inconsistent with the plea of res judicata which had been ordered to stand as an answer.
The plea of res judicata had been referred to merits by the court and not at the instance of the defendants. It did not waive any of the rights of the defendants, if any they had, to be urged on the trial of the case. It only admitted as true those allegations necessary to be considered in passing upon the plea, nothing further.
But after having decided the plea of res judicata and the plea of prescription, the court having sustained both, there remained no other plea to decide. The general denial served no purpose in this instance. It was not inconsistent; it prejudiced none of the rights of the plaintiff. The plea of res judicata has never been of itself considered as a permanent admission binding to a degree that precludes the pleader afterward from ever setting up other defenses. It has always been considered as a good ground of exception. Its functions are to have it decided whether or not the issues have been previously decided.
[5] Plaintiff next urged that it was error to exclude the testimony of her witness, who was also her agent, to prove the amount of rent claimed. The following is the ground of objection:
“That plaintiff having offered to prove by the witness Davidson the facts relating to the cancellation of the lease, which were excluded for the reason that the evidence is not admissible beyond or outside of the terms of the written agreement.”
Plaintiff, through counsel, argued that the suit was as between the parties to the written instrument. That it cannot be allowed to affect the testimony of a third person.
True, Melassanos, the witness, was a third person. But the suit itself, was between the parties to it, and the witness, although a third person, cannot be heard to affect an agreement between the parties. As to Davidson’s testimony, the witness was a party as agent of plaintiff. There was no good reason to prevent him to testify, to contradict a written contract. The court ruled correctly beyond all question.
Another bill of exceptions was taken to the court’s ruling excluding' the testimony of plaintiff’s witness and agent in answer to the question:
“State what other amount of rent Miss Egan has lost by reason of the deterioration of the building in addition to this claim for rent which is acknowledged on building 759, occupied at one time by Mrs. Reynolds.”
The objection of defendants was that their liability is concluded by the decision of this court in the case reported in 129 La. 163, 55 South. 750, in which nothing was left undecided, save repayment of rent to Mrs. Reynolds. The Supreme Court, in above-cited decision, says the defendants used this language:
“This claim [referring to the Reynolds note] cannot therefore be allowed. A judgment of nonsuit will be entered as to this item. [That item was for the amount of $831.] That the question is limited to the Reynolds claim. That testimony as to any other item, in so far *751 as relates to the Reynolds ease, is barred by the exception of res judicata.”
[6] The defendants’ other ground, as set forth, in the bill of exceptions, was that the claim for loss of rent of Melassanos was barred by the plea of prescription of one year. That is, res judicata, according to defendants, disposed of the first claim (the Reynolds lease claim), and prescription of the second, or Melassanos’, claim growing out of transaction with him.
[7] The further statement is made on the part of the defendants that the lease between Melassanos and the plaintiff was canceled by agreement in February, 1910, and that the citation was not served until the 6th of November, 1911, over one year after maturity of the claim.
Res judicata operates as a bar to every right of a date anterior to the suit (129 La.) which was pleaded and which is sustained by testimony. It also operates as a bar, if it was known to the plaintiff that she had been damaged in other amounts than those for which she sued, for she cannot withhold from suit any part of the claim of which she had knowledge.
Going back to prior dates: Plaintiff had recovered judgment for the sum of $4,852.21, with costs. This covered all damages at the date that the suit was brought. This amount was allowed in the suit cited above.
In the ease now before us for decision, the judge of the district court allowed an additional amount in full settlement of all claims against defendant growing out of the refund of rent to Mrs. Reynolds. The amount of the claim was $831. Under the pleadings, this amount cannot be increased, and we have not found our way clear to allow damages in addition to this rent.
We now have to determine whether all other claims or any part of claims of plaintiff should be allowed. Again, going back in the history of this case, it appears that the first demand was filed in 1907. She in this first case claimed $6,206, and in addition loss of rent, $700. Subsequently she claimed $824.24, and her demand was' increased to $10,104.20 damages. The lower court allowed her $7,714. On appeal this last amount was reduced to $4,852.21, and $351 for expert fees, and the court entered a nonsuit for loss of rent. In the decree the court added, “A judgment of nonsuit will be entered as to this item,” referring to the item of $824;24. The reason for not allowing this claim in the prior decision was that it was not satisfactorily sustained by the evidence, and for that reason the right was reserved as just mentioned. When the question came up again in the present suit, plaintiff’s right to that item was considered and the amount allowed. That puts an end to all claims for rent. Every other claim growing out of the Reynolds lease was settled, and the plea of res judicata must prevail.
Now as to the Melassanos lease: As to this claim it follows that no reservation was made in the decree in 129 La. 163, 55 South. 750, to which we referred a moment ago.
Taking up for decision the question of prescription, the contention of plaintiff is that the court erred in sustaining the plea of prescription as running from the date that the lease of Melassanos was canceled, because the injury, as plaintiff urged through counsel, was not known to plaintiff nor ascertainable at that date.
We are of opinion that the day the injury was suffered because of a wrongful act is the date from which prescription runs for the amount of damages committed on that day. The decision in Griffin v. Commission, 110 La. 846, 34 South. 799, is in point. The court began by stating that which has application to a point in our present case, which sustains the view that prescription must be properly referred to the merits. But, passing from this, the court in the • cited case *753 held, if the property is in possession of plaintiff (as it was in possession of plaintiff in the cited case, also in the present case), that he must show the state of facts which takes the question out of prescription. The onus of proof is with the plaintiff. To quote from the syllabus of the cited case:
“If damages are continuing and progressing, one cannot postpone bringing the action for some time after the year and then sue for the-whole damages.”
The decision read in its entirety, has direct application to the present case. The court holds also in the cited case that plaintiff must justify the postponement. It is for the plaintiff to prove that there was reason for not urging prescription at the time suit was brought. The reason urged here was that plaintiff was not aware of the extent of the damages at the time. But this is contradicted by the decision rendered in the 129 La. 163, 55 South. 750, case. To dwell upon this Melassanos matter, the lease, having been canceled, as it was, leaves scant ground for plaintiff to recover damages as pleaded. It is in point, as will be seen in a moment, to state the consideration for canceling the deed. It reads as follows:
“In consideration of the transfer by the within lessee (Melassanos) to the lessor (Miss Egan) of all the property on the premises leased under the within lease on reverse hereof, and of the transfer of possession to the lessor of said premises, it is hereby agreed that the said lease be canceled and annulled and the unexpired and unpaid rent notes be delivered to lessee.”
This transfer was dated, as before stated, February 17, 1910.
In seeking to recover damages on account of the Melassanos lease, plaintiff, through counsel, undertook to prove by oral testimony other considerations for the cancellation-than stated in the written transfer. The court did not permit that proof to be made on the ground that it was a written transfer which could not be altered or added to or anything taken therefrom by verbal testimony as between the parties. This ruling resulted in preventing the plaintiff from going behind the transfer to prove damages, and it prevented plaintiff further from proving other consideration, which left plaintiff without sufficient testimony to sustain her action; that other damages had been committed which had not been heretofore allowed; and that, as to damages subsequent to-the cancellation, the allegation did not admit of proof.
In the second place, plaintiff sought to prove the condition of the houses at the time that defendants began their excavating work preparatory to building the skyscraping edifice. This had already been decided;, damages had been allowed, as we mentioned above; and it does not appear that it was. the intention to prove that, since the suit, the condition of the houses was such as to interfere with renting them. It follows that plaintiff has no good ground of complaint. Damages of a date subsequent to the cancellation have not been made satisfactorily to appear either by allegation or by testimony.
The default of the tenants in matter of paying rents and the loss of rents was the ground not proven. It seems to us that the-cancellation of the lease put an end to the-question of default. After this cancellation, Miss Egan leased the property to other tenants and collected from them the sum of i£3,-827, which she allows. She charges for rental on the canceled lease over ¡£8,000, for which she asked judgment. Unless it be-shown that the difference in this rental claimed was due to subsequent damages, the amount cannot be allowed. There is no proof that, after the lease had been canceled, the plaintiff suffered damages on account of the condition of the houses. There is no testimony to prove that the property leased for less on account of damages to plaintiff’s *755 building, and we Lave not found a clear-cut allegation upon tlie subject.
Jones v. T. & P. R. R. Co., 125 La. 543, 51 South. 582, 136 Am. St. Rep. 339, is cited, by plaintiff with confidence. The value of a mule was the cause of action in this cited case. The prescription of one year was pleaded. The mule, it seems, was worthless after it had been wounded. It was held that the time from which prescription ran was the date that the mule died,' as previous to that time he had no value. It was a wounded mule which no one would have been willing to own. The death was an event subsequent to the cause of death. It was clearly proven that the mule died from the injury received in an accident. Different from the present case, in which an amount was allowed for damages prior to the injury.
We have given this case our careful attention. In our view of the facts and of the law, we are constrained to hold that there were no continuous torts of such a nature as would justify us in assessing damages.
For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed at appellant’s costs.
PROVOSTY, J., being absent on account of illness, took no part.