## BOWIE LUMBER CO., Limited, v. YOUNGS.

### No. 14108.

Court of Appeal of Louisiana. Orleans.

Oct. 31, 1932.

Habans & Coleman and A. I. Kleinfeldt, all of New Orleans, for appellant.

Hopkins & Talbot, of New Orleans, for appellee.

HIGGINS, J.

On October 8, 1930, the Bowie Lumber Company, Limited, sued Dr. Luther A. Youngs to recover the sum of $101 on an open account, alleging that on November 5, 1926, it had sold him a certain lot of lumber. In order to negative three-year prescription, plaintiff alleged in article 3 of its petition as follows:

"That the said Dr. Luther A. Youngs verbally acknowledged to your petitioner, its agents and representatives, the account and the correctness thereof and the amount to be justly and truly owing by him to your petitioner, at various times during the years 1927, 1928 and 1930, and particularly on or about March 3, 1928, and on or about September 1, 1930."

Defendant filed a plea of prescription of three years (Civ. Code, art. 3538), which was submitted on the face of the papers, without any evidence being offered by the plaintiff to show an interruption of prescription of the claim. The trial court overruled the plea of prescription, and the defendant then answered denying that he had purchased the lumber in question, reiterated his plea of prescription, and in reconvention claimed the sum of $650, representing thirteen months' back salary claimed to be due on a written contract between the parties dated September 25, 1922, under the terms of which the defendant was employed as a physician by the lumber company at a salary of $100 per month. Defendant and plaintiff in reconvention further alleged that in violation of its contract the plaintiff, for the month ending September 25, 1925, through the month of October 25, 1926, inclusive, paid defendant and plaintiff in reconvention only the sum of $50 per month against his protest and thereafter failed to pay him any amount whatsoever.

When the case was tried on its merits, the district judge again overruled the plea of prescription, rendered judgment in favor of the plaintiff, as prayed for, and dismissed the defendant's reconventional demand. Defendant has appealed.

■ The defendant first complains that the trial court erred in overruling the plea of prescription, without any evidence being submitted to support the allegation of the petition negativing prescription, because the plaintiff, having alleged on a claim which showed on the face of the papers that it was prescribed by three years, and having placed an allegation in the petition negativing prescription, bore the burden of proving that fact, citing Schlenker v. Taliaferro, 20 La. Ann. 565; Offutt v. Chapman, 21 La. Ann. 293; Breaux v. Broussard, 116 La. 215, 40 So. 639; Egan v. Hotel Grunewald Co., 134 La. 740, 64 So. 698.

The attorney for the plaintiff does not dispute the correctness of these decisions and concedes that they support the proposition contended for by the defendant, but points out that, as the plea of prescription was reiterated by the defendant in his answer and passed upon by the lower court in its final judgment, after receiving evidence tending to show that the defendant had orally acknowledged the indebtedness, the decisions cited are not applicable.

We believe the contention of counsel for plaintiff is sound because, conceding that the trial court erred in originally overruling the plea of prescription, this error was subsequently corrected by the judge a quo in his final judgment.

■ The next issue is whether or not the record shows that the plaintiff proved by competent evidence the alleged acknowledgment of the debt by the defendant and particularly on March 3, 1928, and on or about September 1, 1930.

Mr. J. W. McClelland, former manager of the company, testified that the defendant repeatedly, during the years of 1927, 1928, and 1930, and particularly on or about March 3, 1928, and on or about September 1, 1930, verbally acknowledged the indebtedness and promised to pay it.

Mr. R. M. Curran and Mr. F. J. Hurst, former bookkeepers for the company, gave testimony tending to corroborate the evidence of Mr. McClelland, both stating that they had repeatedly sent statements to the defendant covering the bill in question.

The defendant denied that he had ever acknowledged the indebtedness, but on cross-examination admitted that he had stated that he would pay the company the amount claimed, if it would pay him the amount claimed in reconvention. On cross-examination on this subject the defendant testified as follows:

"Q. Did Mr. McClelland speak to you after that at any time? A. I seen Mr. McClelland hundreds of times.

"Q. Did he ever speak to you about this account? A. He may have and may not.

"Q. You just don't remember? A. No, sir."

We further note that the defendant in his answer denied having ordered and received the lumber, but on cross-examination admitted that he had ordered the lumber and the company had delivered it to him.

We believe the evidence in the case amply supports the finding of the trial judge that the defendant verbally acknowledged the claim sued upon and that the plaintiff has successfully shown that prescription was thereby interrupted. Bennett-Brewer Hardware Co., Inc., v. Wakeman, 160 La. 407, 107 So. 286; Lowentritt v. Posey, 5 La. App. 449; Cullota v. Washington, 7 La. App. 75.

■ In reference to the reconventional demand the defendant offered in evidence the contract and testified that he had never received any notice from the company that there would be a reduction in his salary, or that the contract would be terminated, as required by the provisions of the agreement.

The third paragraph of the contract reads as follows:

"The party of the second part (the company) in consideration of the services to be rendered by the party of the first part (the doctor) agrees and binds and obligates itself to pay the said party of the second part the sum of $100.00 per month; it being understood and agreed that the contract of employment is by the month and is subject to termination by either party at any time, on giving the other party 30 days' notice of the intention to terminate the contract; this contract is to begin as of date October 1st, 1922."

The testimony of the defendant and plaintiff in reconvention is contradicted by the testimony of J. W. McClelland, former general manager of the company, who stated that the required notice was properly given and defendant agreed to the reduction. He is corroborated by the two bookkeepers and Mr. McWilliams, the vice president. In fact, the record shows that the defendant accepted thirteen vouchers covering his monthly salary during the period in question for the sum of $50 per month, and cashed them without any reservation whatsoever. We believe, as the trial judge, that the plaintiff has successfully rebutted the testimony of the doctor and has shown that notice to terminate the agreement was given to the defendant and that he agreed to accept the reduced compensation of $50 per month.

For the reasons assigned the judgment is affirmed.

Affirmed.