ROGERS, Justice.
 

 The plaintiff corporation entered into a contract with the town of Eunice to pave certain streets in the town. The defendant corporation owns and operates the waterworks and electric systems of the municipality. On March 9, 1932, plaintiff brought this suit for damages against the defendant in the sum of $2,320.48. Plaintiff alleged that, as a result of the leaky condition of defendant’s water mains, 272 yards of pavement which had been completed and 229 yards of base laid without top showed such signs of failure that plaintiff was compelled to tear out the work and to substitute a cement concrete base for the asphaltic base specified in the contract. The date of the alleged damages is not set forth in the petition, but annexed thereto as part is a statement, dated February 25, 1931, itemizing the damages claimed toy plaintiff.
 

 Defendant filed a plea of prescription of one year in bar of plaintiff’s demand, averring that the damages claimed by plaintiff, if any, arose prior to and accrued on or before February 25, 1931, whereas this suit was not filed until March 9, 1932.
 

 The plea of prescription was tried on an agreed statement of facts, showing that on February 25, 1931, plaintiff presented to defendant and demanded payment therefor a statement containing the items and claiming the amount herein sued for.
 

 The court below sustained the plea of prescription and dismissed plaintiff’s suit, and from the judgment plaintiff prosecutes this appeal.
 

 The admitted facts show that the damage to plaintiff’s pavement toy defendant’s defective water mains occurred prior to February 25, 1931. On that date, plaintiff had removed the damaged work, relaid the pavement, ascertained its cost, and demanded reimbursement from defendant. When plaintiff brought this suit more than a year later, it predicated its claim on the same items of damage which on February 25,1931, had been presented to defendant with a demand in-payment.
 

 The cause of action asserted by plaintiff is plainly one arising in tort and not on contract — from the alleged failure of defendant to maintain its water pipes so as not to injure the property of plaintiff and others. Civ. Code, art. 2315 et seq.
 

 Article 3586 of the Civil Code declares that actions for damages for offenses and quasi offenses prescribe in one year, and article 3537 of the Civil Code, as amended toy'Act No. 33 of 1902, fixes the time from which this prescription begins to run.
 

 In Sims v. New Orleans Ry. & Light Co., 134 La. 897, 64 So. 823, this court held that the prescription provided in article 3536 of the Civil Code, of one year for damages arising from offenses or quasi offenses, applies to damages arising from the infringement. of some right personal to the individual, or re
 
 *231
 
 lating to his property, or the violation of some duty imposed by law.
 

 In Griffin v. Drainage Commission, 110 La. 840, 34 So. 799, plaintiff sued the contractor engaged in the construction of a drainage canal for damages to the foundation and walls of his building resulting from the contractor’s failure to take the precautions necessary to protect his property from injury. Plaintiff alleged an original injury occurring in November, 1898, and giving rise to damages which were continuing and progressive up to the date the suit was instituted. Suit was filed on June 26, 1901. Plaintiff contended that in such case, the prescription did not begin to run for any part of the damage received until after the extent of the damages incurred had been ascertained.
 

 But this court held that article 3537 of the Civil Code does not support that contention; that the article and the authorities thereunder declare prescription runs from the time the damage is sustained. The court sustained the plea of prescription, holding, as shown by its syllabus of the decision:
 

 “1. Where the commission of a wrongful act is attended immediately by resulting damage, the date at which damage commences is the initial point for the running of the prescription of one year. If the 'bringing of an action for damage sustained be postponed beyond the year, the plaintiff must (if his property has been in his own possession in the interval) allege and show the state of facts which would remove from the action the bar of prescription. The rule is that, where one of the parties to a suit has more means of knowledge concerning a matter to 'be proved than the other, the onus is on him.”
 

 “2. Where the damage resulting from a wrongful act itself (noncontinuing) is continuing and progressive, the party whose property is damaged cannot postpone bringing an action for the same until after the full extent of the damage has been sustained, and then sue for the whole damage. If he does so, the claim for the portion of the damage which he sustained one year prior to the bringing of the action will have been prescribed.”
 

 The Griffin Case was cited with approval in the case of Egan v. Hotel Grunewald Co., 134 La. 740, 64 So. 698.
 

 Plaintiff contends that the damages of which it complains resulted from a “continuing cause,” and that its petition taken as a whole clearly shows that the origin or cause of damage did not cease up to May 1, 1931, and that even after that date defendant attempted to remedy the continuing leakage of its water mains and to remedy the damage which the leaking water mains had inflicted upon its work,
 

 The fact that the damage, if it occurred, was continuous, did not suspend the prescription. It ran as the damages occurred. Griffin v. Drainage Commission, supra; Egan v. Hotel Grunewald Co., supra; Rhodes v. International Paper Co., 174 La. 49, 139 So. 755.
 

 However, a sufficient answer to plaintiff’s contention is that it is not supported by the evidence, which affirmatively shows that plaintiff’s alleged damages were sustained prior to February 25,1931; that at that date plaintiff had repaired the damage alleged to have resulted from defendant’s fault, knew
 
 *233
 
 the exact amount of its loss, and had made demand upon defendant for reimbursement. Plaintiff’s suit was not filed until March 9, 1932. Hence, the action is prescribed.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 ST. PAUL, J., absent.