## CHENNAULT v. STOVALL et al.
### No. 4946.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1935.

George Wesley Smith, of Rayville, for appellant.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellees Fred Stovall & Stovall Drilling Co.

Warren Hunt, of Rayville, for appellee A. C. Thomason.

MILLS, Judge.

The petition alleges that plaintiff is the owner of a 7/39 interest in 240 acres of land in Richland parish; that he and his co-owners joined in a mineral lease of the tract to the Southern Carbon Company, which on or about November 19, 1930, brought in a gas well on the land, the initial production of which was 26,568,000 cubic feet; that on October 14, 1931, the Carbon Company abandoned the well and executed and recorded a release of its lease; that at the time of the abandonment and release petitioner was making arrangements to have said well deepened and cleaned out and restored to the status of a commercial gas well; that "about the first of February, 1932, one A. C. Thomason and one Fred Stovall and the Stovall Drilling Company, Incorporated, a corporation existing under the laws of the State of Louisiana and domiciled in the city of Monroe, said State, conspired together to remove the casing from the said well and to sell the said casing as junk or second hand casing"; that in the carrying out of said conspiracy the parties thereto proceeded to pull the casing and junk the well, making its intended restoration impossible; that this action damaged petitioner in the sum of $1,750, for which he prays judgment.

Fred Stovall and the Stovall Drilling Company pleaded in bar of plaintiff's demand the prescription of one year. A. C. Thomason filed an exception of no cause or right of action.

This is an action in tort which is alleged to have been committed on or about February 1, 1932; and suit was filed January 16, 1934.

Article 3536 of the Civil Code provides that actions for damages resulting from offenses or quasi offenses are prescribed by one year.

The plea of prescription was filed on January 26, 1934. The minutes of the court below show that it was argued and submitted on May 1, 1934, at which time plaintiff offered to show that the tort was committed in February, 1933, and that the allegation in the petition that it occurred in 1932 was a clerical error. The court refused to hear this evidence. Plaintiff then tendered an amended petition correcting the date, the filing of which was refused, to which ruling a bill was reserved. The plea of prescription was then sustained, and on June 20, 1934, judgment was signed dismissing the suit. Thomason's exception of no cause of action was never passed upon.

Plaintiff has appealed.

The trial judge in his per curiam to the bill of exceptions states that the amended petition was refused because it was offered after the prescriptive period to the 1933 date had accrued, since the filing of the suit. The accrual occurred between the date of the

filing of the plea and exception and the arguing and submitting of same and the tendering of the amendment. That, except for this, the amendment should and would have been allowed.

The original petition, as it stood, filed in 1934 upon a tort alleged to have been committed in 1932, without any showing of delayed knowledge, was upon an action, on the face of the pleadings, forever barred by the prescription of one year, and therefore set forth no cause or right of action. In the amended petition it is alleged that, owing to a clerical error, the year 1932 was written instead of 1933. Granting this to be true, nevertheless the action on its face was barred.

In the case of National Park Bank v. Concordia Land & Timber Company, 159 La. 86, 105 So. 234, 240, the rule is stated as follows: "The authorities are numerous to the effect that where the original bill of complaint, or petition, is brought before the prescriptive period has expired, or petition is amended after the expiration of the prescriptive period so as to state a cause of action, the amendment will relate back to the time of filing the original pleading and save the action from the bar of the statute of limitations, but that it (the amendment) will not relate back to the time of filing the original pleadings so as to save the action from the bar of the statute of limitations, where the original pleading fails to state any cause of action whatever."

We cannot find where the holding has been overruled. It seems clear that, if the original petition did not allege a cause of action, the amendment, to be of any avail, must necessarily disclose a new cause of action, and a new cause of action instituted after the prescription has accrued is barred.

In James v. City of New Orleans, 151 La. 480, 91 So. 846, 848, in a similar situation, an amendment was allowed, but only because it was an amplification of the original allegations and did not change their substance. The court said: "As the motion did not set forth a new cause of action, it was an error to say that the cause of action therein referred to was barred by the prescription of one year, subsequent to the filing of the suit."

To the same effect is M., K. & T. Railroad v. Wulf, 226 U. S. 570, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134.

In Vernon v. Illinois Central Railroad Company, 154 La. 370, 97 So. 493, it is held that a citation, though insufficient to support a judgment will interrupt prescription if it notifies defendant of the nature and grounds of plaintiff's claim and that he means to assert same. We think this only applies as was held in succession of Saunders, 37 La. Ann. 769, 772, where the cause of action and thing demanded were the same.

In DeBouchel v. Koss Const. Company, 177 La. 841, 149 So. 496, 498, it is held: "A petition which does not show liability against a defendant, and therefore does not disclose a cause of action against him, does not interrupt, when served, prescription as against such defendant."

In the present case no liability was shown until the filing of the amendment.

Upon the strength of the above authorities, we are of the opinion that the plea of prescription was properly sustained.

The judgment appealed from is accordingly affirmed.