### CALLENDER v. MARKS. *
### No. 5183.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

Dickson & Denny, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee.

HAMITER, Judge.

This suit involves the demand for damages which was excluded in the companion case, bearing the same title, this day decided by us. 166 So. 891. The petition in that suit lacked sufficient allegations of fact to show negligence and fault on the part of defendant in the construction of the proposed reservoir, and, by reason of that, an exception of no cause of action was sustained resulting in the rejection of the demand for damages.

The petition herein, which was filed October 11, 1933, contains allegations, regarding the nature, kind, and amount of damages claimed, identical with those in the other case. It differs only to the extent that here allegations respecting defendant's fault and negligence are made and those relating to the cancellation of the lien are omitted.

Before answering, defendant filed pleas of prescription of one year and of res judicata and an exception of no cause or right of action, all of which were overruled after respective hearings.

Answer was filed, and, by agreement of counsel, this and the other case were consolidated for the purpose of trial.

After trial, judgment was rendered in this cause in plaintiff's favor for $1,200.

Defendant then filed a motion for a rehearing, which was granted. The case was again submitted, and the trial court rendered and signed a judgment sustaining defendant's plea of prescription of one year and dismissing plaintiff's suit at his cost. From this judgment plaintiff has appealed.

As the plea of prescription of one year was responsible for the dismissal of appellant's suit, we shall give first consideration to it. In this connection, it is to be noted that the damage complained of occurred prior to August 30, 1932, that the petition in the first or companion suit was filed May 30, 1933, and the exception of no cause of action tendered thereto was sustained, as to the claim for damages, on July 8, 1933, and that the petition in this suit was filed October 11, 1933, which was more than one year after the damage occurred.

Plaintiff's action herein is for damages caused to his property by the collapse of the reservoir constructed by defendant, and hence is one sounding in tort under the provisions of article 2315 of the Civil Code. The prescriptive period applicable to actions of this character and nature is one year. Civil Code, art. 3536; Gulf Coast Paving Co. v. Gulf Public Service Co., 179 La. 228, 153 So. 701; Sims v. New Orleans Ry. & Light Co., 134 La. 897, 64 So. 823. And this prescription commences to run from the time the damage is sustained. Civil Code, art. 3537. It may, however, be interrupted by the institution of proper legal proceedings. Civil Code, art. 3516. Under article 3518 of the Civil Code it is provided that the interruption takes place when the defendant has been cited to appear before a court of justice. But Act No. 39 of 1932 states that "The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts." Section 1.

As this suit was filed on a date more than one year after the damages were sustained, the plea of prescription was properly sustained unless it be found that the prescription was interrupted by reason of the filing and pending of the other suit.

Defendant's counsel contends that such prescription was not so interrupted. His argument is that, in order for the institution of legal proceedings to effect an interruption, the petition therein must disclose a cause of action against the defendant. He

calls attention to the fact that plaintiff's first suit did not disclose a cause of action as is evidenced by the ruling of the trial court sustaining the exception hereinabove mentioned, and that plaintiff acquiesced in and accepted such ruling by agreeing that the only matter remaining for decision therein was with reference to the validity of the lien and by bringing this suit on the identical claim that was recited in the petition of the other case.

After careful consideration and study, we have reached the conclusion that the contention of defendant's counsel and the judgment of the trial court sustaining the plea of prescription are correct. Although there appears to be no jurisprudence in this state covering a situation identical with the one here presented, there are numerous cases holding that, where the original petition does not disclose a cause of action, an amended petition stating a cause of action comes too late if filed after the prescriptive period has run. In the case of De Bouchel v. Koss Construction Co. et al., 177 La. 841, 149 So. 496, 498, plaintiff claimed damages against Koss Construction Company, Inc., for malicious prosecution. Two days before the expiration of the one-year prescriptive period, the original petition was filed and served. No facts were alleged connecting that company with the offense charged. After the expiration of the year, plaintiff filed an amended petition alleging the company's connection with the prosecution. The Supreme Court, speaking through Justice Overton, stated: "A petition which does not show liability against a defendant, and therefore does not disclose a cause of action against him, does not interrupt, when served, prescription as against such defendant. The prescription of one year, prescribed by articles 3536 and 3537 of the Civil Code, and filed in this court, is therefore well founded."

The following pertinent holding is found in National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234, 240, to wit: "The authorities are numerous to the effect that where the original bill of complaint, or petition, is brought before the prescriptive period has expired, or petition is amended after the expiration of the prescriptive period so as to state a cause of action, the amendment will relate back to the time of filing the original pleading and save the action from the bar of the statute of limitations, but that it (the amendment) will not relate back to the time of filing the original pleadings so as to save the action from the bar of the statute of limitations, where the original pleading fails to state any cause of action whatever."

The case of Chennault v. Stovall et al., 160 So. 146, 147, decided by this court, involved a tort action in which a plea of prescription of one year was sustained. The original petition did not state a cause of action, and plaintiff sought to amend it after more than a year had expired from the occasion of the alleged damages. In the opinion of that case, we stated: "It seems clear that, if the original petition did not allege a cause of action, the amendment, to be of any avail, must necessarily disclose a new cause of action, and a new cause of action instituted after the prescription has accrued is barred."

It therefore may be said that, if an original petition which discloses no cause of action is insufficient to interrupt prescription so as to permit the filing, after the expiration of the applicable prescriptive period, of an amended petition stating a cause of action, certainly, by a much stronger reasoning, it is true that a like petition, which has been completely abandoned, cannot and will not suffice to interrupt the running of prescription, so that a new suit, disclosing a cause of action, may be instituted after the termination of the prescriptive period. Broadly speaking, the rule appears to be that the interruption of prescription by the filing of a suit is conditioned on a cause of action being set forth in the petition of such suit.

Plaintiff's counsel calls our attention to the provisions of Act No. 39 of 1932, which we have hereinabove quoted. The only purpose and significance of this act is to start the interruption from the time of filing of suit rather than from that of service of process. We stated in Taglialavore v. Ellerbe, 149 So. 296, 297, with Judge Drew writing the opinion, that, "It merely relieves the party who has a cause of action from responsibility for the delay or negligence of the officers of the court in making service promptly, and it is applicable to all suits filed after it became a law."

The act in no manner contradicts what we have herein said. On the contrary, by implication, the stating of a cause of action in the suit is essential. It provides, "shall interrupt all prescriptions affecting the cause of action therein sued upon."

Since we are of the opinion that the plea of prescription of one year was properly sustained, a discussion of the other exceptions and the merits in this case is unnecessary.

For the reasons herein given, the judgment is affirmed.