PEE. CURIAM.
The plaintiff, Henry Hill, was a candidate for nomination by the Democratic Party for the office of Police Juror for Ward five, Vernon Parish, Louisiana, subject to the Democratic Primary Election held January 15th, 1952, in Vernon Parish, Louisiana. Monroe Lacaze and Clint Lambright were likewise candidates for nomination to the same office. These three persons were the only condidates for nomination to said office. The Vernon Parish Democratic Executive Committee convened on the 19th day of January, 1952, and compiled and tabulated the returns of said Democratic Primary Election and as a result of said tabulation of returns, showed that the votes received by each of the above named candidates were as follows: Henry Hill, four hundred and seventy five votes, Monroe Lacaze, three hundred and forty nine votes, and Clint Lambright, one hundred and thirty seven votes, making a total of nine hundred and sixty one votes cast. Therefore, Henry Hill only lacked six votes of having a majority of the votes cast.
Henry Hill instituted this suit to secure a recount of the Pitkin box (Precinct No. 1 of Ward 5) and of the Dido box (Precinct No. 3 of Ward 5). He alleges that a recount of the ballots in the two boxes, Pitkin and Dido, would conclusively show that he received a majority of the votes cast and that he was entitled to and desired to have the two boxes recounted. He accompanied his applications for a recount of said boxes with a deposit of $20.00 for each box, as required by law; and asked that the ballots in the two boxes be recounted, all as provided by Section 364 of Title 18 of the Revised Statutes of 1950, LSA-R.S. 18:364, and that the Democratic Executive Committee of Vernon Parish, Louisiana, be ordered to amend the returns from Precincts Nos. 1 and 3 of Ward 5, Vernon Parish, Louisiana, in accordance with said recount.
The defendants, Monroe Lacaze and Clint Lambright, filed an answer in the nature of a general denial and on the 28th day of January, 1952, the case was called for trial on the issues as thus presented.
The Court, after hearing the pleadings and determining the issues, ordered the ballot boxes opened and proceeded in Open Court to cause the boxes to be recounted and the result of the recount to be announced publicly in the Courtroom. The recount showed Henry Hill to have a majority of the votes cast over his two opponents and the Court rendered judgment declaring Henry Hill, plaintiff, the nominee, and from this judgment the defendants have appealed.
The appellant filed in this Court exceptions of nonjoinder and misjoinder of parties defendant, and no cause or right of action. In view of the decision we have reached, it is not necessary that we consider these exceptions.
Under LSA-R.S. 18:364, subd. B, it is provided: “However, before any box is thus recounted satisfactory evidence shall be produced to the court that the box or the contents thereof have not been. tampered with or disturbed subsequent to its closing by the commissioners.”
In accordance with McConnell v. Salmon, 174 La. 606, 141 So. 73, 74, which was followed by this Court in Welch v. Fitzgerald, La.App., 144 So. 72, it is stated: “The general rule which prevails in this state and elsewhere is that the burden is upon him who seeks to offer the ballots in evidence to prove with reasonable certainty that they have not been tampered with since the election, or that their preservation has been such, as to exclude any reasonable opportunity of tampering with them, or that they have been so kept as to render it improbable that they could have been tampered with. It is not necessary, however, that the party show that tampering with them was impossible.”
Under LSA-R.S. 18:354(4), under which' the election in this case was held, the man *870 ner in which the integrity of the ballots is to be preserved is as follows: “The ballot boxes containing the ballots, poll lists, and tally sheets shall be carefully sealed after the count has been completed and the returns signed and sworn to. The ballot boxes shall be deposited by the commissioners with the respective clerks of the district courts, and in the Parish of Orleans with the clerk of the criminal district court, to be safely preserved and kept sealed and intact for thirty days. The watchers may accompany the commissioners in the delivery of the ballot boxes.”
In view of the foregoing and the mandatory provisions of the law just quoted before us, let us now devote our attention to the facts in the case.
As to Precinct 1 (Pitkin box) we find that on the day after the election about 1 P. M., after the ballots had been counted and the tally sheets made out, the box was only closed and locked, but totally unsealed, and was given to one Elmo Davis, self-styled “Returning Officer”, who took charge of the box and key and carried it to his house, and also to his father’s home wherein it remained until delivered to the Clerk of Court, at Leesville about 3:30 P. M.' The record shows that if he had gone straight to Leesville with the box he could have delivered it within forty-five minutes. He seeks to explain his delay in delivering the box by stating he visited his home as well as his father’s.
Davis does not appear to have had any qualifications as one of The officers of the election which had been held. As far as Davis was concerned he was unauthorized to act in any capacity and during the time that the ballot box and key were in his hands, it cannot be said to have been in the custody of the proper officers of the law. Moreover it is to be observed that our Primary Law hereinabove quoted makes it the duty of the' Commissioners to deposit the ballot box properly sealed with the Clerk of the Court, and the inference to be drawn from that is that it is to remain in their custody until so deposited 'with the only officer authorized 'by law to receive it.
It cannot be said that this box should have been opened and recounted under these facts and the law applicable thereto.
In so far as Precinct 3 (Dido box) is concerned we find that there is no question but that it was properly sealed, delivered and safeguarded and lawfully recounted. The result of the recount of this box shows that Hill received sixty eight votes, Lacaze twenty one votes and Lambright eighty seven votes, as against the original Commissioners’ count of eighty three, twenty two and ninety two, respectively.
Thus the final tabulation of the entire ward shows the respective votes of Hill, Lacaze and Lambright to be four hundred and sixty, three hundred and forty eight, and one hundred and thirty two, showing a. total number of votes cast for the three candidates to be nine hundred and forty, of which a majority is four hundred and seventy one. Hill having received a total of only four hundred and sixty votes cannot, be declared the nominee.
Therefore for these reasons it is ordered adjudged and decreed that the judgment appealed from, is hereby reversed avoided and set aside and it is now ordered that there be judgment in favor of the defendants and against the plaintiff rejecting his demands and dismissing his suit at his costs.