ELLIS, Judge.
Kansas City Fire and Marine Insurance •Company was subrogated to the rights of their insured, Lesa Cormier, and instituted this suit for damages to their insured’s ■car resulting from a collision with an automobile belonging to the defendant, Janie .Bailey Hillman.
According to the plaintiff, the accident in •question occurred on November IS, 1957 but through a clerical error, plaintiff’s petition stated that the accident occurred on November 5, 1957. Attorney for defendant filed a plea of prescription on January 20, 1959. With leave of court a supplemental petition was filed by plaintiff’s counsel correcting the clerical error on February 6, 1959.
On February 19, 1959 a motion to strike •plaintiff’s supplemental petition was filed by •defendant’s counsel. Both the motion to strike and the plea of prescription were 'heard March 3, 1959 and the trial court rendered judgment striking the amending petition and sustaining the plea of prescription.
Plaintiff perfected a suspensive appeal from this unfavorable judgment.
The appellee relies strongly upon the ruling in the case of Chennault v. Stovall, La.App., 160 So. 146, which case appears to present substantially similar facts in comparison to the facts herein presented.
The Chennault case which was decided by the Second Circuit Court was a tort action which was originally filed on January 16, 1934, and based upon a tort which was alleged in plaintiff’s petition to have been committed on or about February 1, 1932. Defendant filed a plea of prescription. Upon the day this plea was argued and submitted, plaintiff’s counsel attempted to introduce proof that the date of the accident which was set forth in the petition was alleged through clerical error. No evidence was allowed on this point by the trial court.
Plaintiff’s attorney then offered an amending petition correcting the erroneous date, but the amendment was refused and the plea of prescription was sustained. The trial court’s actions were affirmed on appeal on the following basis:
“The original petition, as it stood, filed in 1934 upon a tort alleged to have been committed in 1932, without any showing of delayed knowledge, was upon an action, on the face of the pleadings, forever barred by the prescription of one (1) year, and therefore set forth no cause or right of action. In the amended petition it is alleged that, owing to a clerical error, the year 1932 was written instead of 1933. Granting this to be true, nevertheless the action on its face was barred.
“In the case of National Park Bank v. Concordia Land & Timber Company, 159 La. 86, 105 So. 234, 240, the rule is stated as follows: ‘The authorities are numerous to the effect that where the original bill of complaint, or petition, is brought before the prescriptive period has expired, or petition is amended after the expiration of the prescriptive period so as to state a cause of action, the amendment will relate back *176 to the time oí filing the original pleading and save the action from the bar of the Statute of Limitations, hut that it (the amendment) will not relate back to the time of filing the original pleadings so as to save the action from the bar of the Statute of Limitations, where the original pleading fails to state any cause of action whatever/
“We cannot find where the holding has been overruled. It seems clear that, if the original petition did not allege a cause of "action, the amendment, to be of any avail, must necessarily disclose a new cause of action, and a new cause of action instituted after the prescription has accrued is barred.”
A careful reading of the quotation from the case of National Park Bank v. Con-cordia Land & Timber Company, cited supra, quoted by the court in the Chennault case discloses that ambiguous phrases were employed in that particular statement of the law.
Another statement in the opinion in the National Park Bank case, supra, sheds light upon the true meaning of the above quotation and is pertinent here:
"It is not every judicial demand which will interrupt prescription, but is such demand, even though imperfectly stated, as will fairly apprise the defendant of what is demanded of him; but where as in this case, there is no affirmative, positive demand for any specific, definite thing, or sum of money, either in the interrogatories or the traverse to them, there can be no interruption of prescription.” (Emphasis added.)
Accordingly we feel that the Second Circuit Court of Appeal in the case of Chennault v. Stovall, cited supra, either found that the original petition presented stated no cause of action whatsoever or it misconstrued the decision which it relied upon for authority.
Parenthetically, we should note that the holding in the Chennault case was all but overruled in the case of Callender v. Marks, 185 La. 948, 171 So. 86, 88. In that case the original petition lacked sufficient allegations of fact to show negligence on the part of the defendant in the construction of a reservoir and that part of the demand was excluded from the original suit for that reason. Another suit was filed completely setting forth the negligence of the defendant. The plaintiff relied upon the first suit to interrupt prescription. The Supreme Court overruled the trial court and the Court of Appeal, 166 So. 892, and held that the first petition though imperfectly drawn did interrupt the running of prescription. The following statement is made in the Callender case:
“Counsel for the defendant has referred us to the case of Chennault v. Stovall et al, 160 So. 146, decided by the Court of Appeal, Second Circuit. It is sufficient to say that, if the opinion of the Court of Appeal in that case can be interpreted and construed contrary to the holding of the above authorities and conclusions, it cannot stand.”
Applying the rules recognized in the case of National Park Bank v. Concordia Land & Timber Co., cited supra, to the case at bar, we find that the test set forth in that case is met by the original pleadings filed herein. The pleadings considered alone state a complete and valid cause of action setting forth the exact amount sought and the basis for the claim. The defendant should be fully apprised of the amount and the basis of the claim. It is only when the date of the accident set forth in these pleadings is compared with the filing date as marked on the original petition by the Deputy Clerk of Court that the claim appears to be prescribed.
The mere fact that, through clerical error, the date of the accident was alleged to be ten days earlier than it actually was should not deprive the plaintiff of its cause of action.
It is the opinion of this court that the plaintiff’s demand, though imperfectly stated, fairly apprised, the defendant of what was demanded of him. Therefore, *177 the amendment, though filed after the prescriptive period had run, was properly allowed in the first instance and should be reinstated.
For the reasons set forth above, the judgment of the trial court striking the amending petition and sustaining defendant’s plea of prescription is hereby annulled, set aside and reversed.
It is ordered that the case be remanded to the lower court to be proceeded with according to law and consistent with the views herein expressed.