The opinion of the court was delivered by
Blanchard, J.
Defendants, Frazier and Radetich, were prosecuted for libel. After his arrest Radetich was released on bail bond in the sum of $250.00, his uncle, Nicholas Radetich, becoming his surety.
lie faiied to appear for trial at the appointed time and the bond was duly forfeited.
Judgment of forfeiture was entered up against the principal and surety, and execution was issued, under which property of the surety was seized.
*1306 Whereupon the surety filed a petition for injunction to stay the sale, and for nullity of the judgment of forfeiture. Pending this proceeding, the District Attorney moved to set aside the forfeiture and a ruling to that effect was made by the court.
The case was then re-assigned for trial.
The day before the trial was to be had the prosecuting witness addressed a communication to the District Attorney informing him she did not wish to further prosecute Radetich and requested him to enter a nolle prosequi as to him upon.the payment of costs.
The District Attorney refused to grant this request, and, thereupon, a rule was taken upon him to show cause why the prosecution as to Radetich should not be abandoned, or a nolle prosequi entered.
The rule coming on for trial, this order was made: “The court overrules the motion herein to compel the District Attorney to enter a nolle prosequi in the case on the parties compromising their differences, on the ground that the entry of a nolle prosequi, either in a misdemeanor or felony, is something which is necessarily left to the exclusive discretion of the District Attorney.”
An exception to this ruling was reserved.
On the day fixed for the trial of the information charging the libel, the defendant Radetich was duly called and failing- to respond and to appear and stand his trial, and his surety being called to produce him and failing to do so, the District Attorney moved for forfeiture of the appearance bond.
This was objected to on behalf of the surety on the ground, that the prosecuting witness having compromised the case and having asked that the charge be withdrawn, the District Attorney could not prosecute further, nor forfeit the bond; that the case was practically at an end when the prosecuting witness withdrew the charge and asked that the prosecution cease.
This objection was overruled and judgment of forfeiture entered up against the principal and surety in solido in 'the sum of $250.00. An exception was .reserved.
Later, the surety presented a petition to the court reciting the facts and concluding with the allegation that the offense charged being a misdemeanor, it was lawful under Section 990 of R. S. for the prosecuting witness to compromise the ease and withdraw the charge upon the payment of the costs of prosecution, which costs, it was averred, *1307 were tendered; that it was the duty of the District Attorney to permit such withdrawal, or to enter a nolle qrosequi; and that his refusal to do so, and the forfeiture of the bail bond which followed, were arbitrary, unwarrantable and illegal acts, violative of the rights of the defendant Radetich and of his surety, and an infringement of the Fourteenth Amendment of the Constitution of the United States.
The prayer was that the forfeiture be set aside and declared a nullity, and that the charge of libel against Nick Radetich be dismissed, or a nolle prosequi entered.
The ruling on this application being adverse to the surety, the latter excepted, and then moved for an appeal to this court.
R. S. 990 reads: “In all cases of an assault and battery, and misdemeanors, when the parties compromise, and the prosecution is withdrawn, no charge shall be brought against the parish; the parties compromising shall pay all costs in such cases; it shall be lawful for the Attorney General, District Attorney, or District Attorney pro tempore, to enter a nolle prosequi."
The contention of counsel for the appellant is that the District Attorney must, in a misdemeanor prosecution, consent to the withdrawal of the charge when the same has been compromised by the parties and he is requested by the prosecuting witness to discontinue the prosecution. That is to say, in such case he is without discretion to refuse the nolle prosequi asked for.
The contention on behalf of the State is that though the parties do ccmpromise their differences out of which grew the prosecution, for the misdemeanor charged, and though the prosecuting witness does ask that the charge be withdrawn and the prosecution discontinued, it is, at last, left to the discretion of the officer prosecuting on behalf of the state whether or not this be done, wdiether or not a nolle prosequi be en'ered, and that, being left to his discretion, the courts will not in'erfere to coerce his action in the premises.
We do not find any sufficient foundation in the statutory law for the contention of the appellant, nor is there warrant for it in the jurisprudence of the State as established by the decided cases.
All that the section of the Revised Statutes quoted supra does is to sanction an amicable settlement of assault and battery and misdemeanor cases, and to authorize the prosecuting officer to enter a nolle prosequi. There is no mandate to him to discontinue the prosecution *1308 oil the demand of the party or parties who originated the same. All tumugh the section is plainly discernable .the intention that much is to be left to his discretion in such matters.
If, in his wisdom, having due regard to the responsible trust committed to his hands, he think the ends of public justice may not suffer by reason thereof, he is empowered to acquiesce in the settlement made by the parties- concerned and discontinue the prosecution. On the other hand, if he think otherwise, and that the case is one where the party charged with the offense should be held amenable to the law, he has the discretion vested in him to decline the settlement made ex cathedra and proceed with the prosecution.
The District Attorney is a quasi judicial officer. His first concern is the vindication of public justice. This includes the taking of proceedings for the arrest, trial, convicting and punishment of .those who infringe the laws, and it embraces, likewise, a care that no innocent person be made to suffer the penalty denounced against a crime he did not commit, or was not privy to. He is to stand indifferent between the accused and any private interest.
Were the District Attorney held obliged to discontinue the prosecution' of a misdemeanor whenever the complainant called upon him to do so, on the plea that the case had been compromised, it .would open the way to the use of the machinery of the law and the courts to further purely private purposes, and then, when the private end in view is attained, or as a means to do its attainment, call off the prosecution.
In Farrar vs. Steele, 31 La. Ann. 642, it was said: “This court has twice held that a District Attorney prosecuting on behalf of the State, may enter a nolle prosequi at his discretion, subject only to the right of defendant, after the trial has commenced and evidence given,. to insist on the trial. In this respect neither the court nor the accused has the right to control the attorney of the State”—citing State vs. Bugg, 6 R. 63, and State vs. Hornsby, 8 R. 583. See also State ex rel. District Attorney vs. Judge, 48 La. Ann. 134.
If “neither the court’nor the accused has the right to control the attorney of the State” in the matter of entering or not entering a nolle prosequi, surely neither has the surety of the absconding accused 'such right. Yet that is what is sought in this proceeding.
*1309 If, then, the District Attorney may not be coerced to discontinue the prosecution of this dismeanor, it was his right to proceed with its trial, and, in default of the appearance of the accused, to forfeit his bond.
We find no error in the judgment appealed from.
In answer to the appeal, the District Attorney prays an amendment of the judgment so as to allow the State legal interest from the date of its rendition until paid.
That the State is entitled to recover interest on a forfeited bond from the date of the judgment of forfeiture, was expressly so held in State vs. Sullivan, 12 La. Ann. 720.
It is, therefore, ordered and decreed that the judgment appealed from be so amended as to allow legal interest on the amount thereof from February 8, 1900, until paid, and as thus amended the said judgment be affirmed at the cost of the appellant.