(74 South. 163)

No. 22210.

STATE v. EMILE.

(Oct. 16, 1916. Rehearing Denied Feb. 12, 1917.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⬥660 — TRIAL—READING OF INFORMATION.

In a criminal prosecution wherein the defendant may waive the reading of the bill of indictment or information, he cannot successfully complain, after conviction and in a motion in arrest of judgment, that the officer who read to him the indictment or information on arraignment was not qualified to act as clerk of court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1536, 1537.]

2. CRIMINAL LAW ⬥692, 968(7)—SWEARING WITNESSES — OBJECTION — PRESUMPTION— MOTION IN ARREST OF JUDGMENT.

The fact that the oath was administered to the witnesses in a criminal prosecution by an officer who was not qualified to administer the oath or to serve in the capacity of clerk of court is an irregularity or informality to which the defendant must object when the testimony is offered, or it will be presumed that he had no objection to it. Having had the opportunity of being acquitted, the defendant cannot, after conviction, by motion in arrest of judgment, complain of the manner in which the witnesses who testified against him on the trial were sworn.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1629, 2430, 2435, 2436.]

3. CONSTITUTIONAL LAW ⬥42 — CONSTITUTIONALITY OF STATUTE — RIGHT TO QUESTION.

One who has been convicted of violating a criminal statute has no interest in demanding, by motion in arrest of judgment, that the court pass upon the constitutionality of sections of the statute that are not relevant to the provisions which he was convicted of violating.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 39, 40.]

Appeal from City Court of Shreveport; David B. Samuel, Judge.

A. Emile was convicted of operating a blind tiger in violation of law, and from the conviction and sentence, he appeals. Conviction and sentence affirmed.

Charles F. Crane, of Shreveport, for appellant. A. V. Coco, Atty. Gen., and W. A. Mabry, Dist. Atty., and S. I. Foster, Asst. Dist. Atty., both of Shreveport (Vernon A. Coco, of Marksville, of counsel), for the State.

O'NIELL, J. The defendant was found guilty of operating a blind tiger, made unlawful by Act No. 8 of 1915; he was sentenced to pay a fine and be imprisoned, and has appealed from the conviction and sen-

tence. He relies on a bill of exceptions taken to the overruling of his motion in arrest of judgment. The motion, filed after the conviction, but before the sentence was passed, is founded upon the statements: (1) That the oath taken by the witnesses who testified against him on the trial was not valid; and (2) that the arraignment was not valid; and it was based upon the further contention that Act No. 8 of 1915 is unconstitutional and invalid, in that it violates article 7 of the Constitution of this state, in so far as it provides for an unreasonable search and seizure and does not fix a minimum nor a maximum amount of liquor in the provision that a place suspected of being a blind tiger may be searched, and that any spirituous or intoxicating liquor on such premises may be seized.

The defendant's contention that he was not legally arraigned refers to the fact that the statute creating the city court of the city of Shreveport provides that the judge shall be ex officio clerk of that court; whereas, in this case it appears that a police officer acted as clerk of the court and read the charge to the defendant when he was called for arraignment. The statement per curiam in the bill of exception, however, recites that the judge asked the accused whether he was guilty or not guilty, and that the plea of not guilty was addressed to the judge. Inasmuch as the defendant might have waived the reading of the charge in this case, there is no merit in his complaint that the charge was read by one who was perhaps only the de facto clerk of court.

The contention that the oath taken by the witnesses in the case was not administered in the manner required by law is based upon the fact that the police sergeant acting as clerk of court, administered the oath. In the statement per curiam, the judge gives his reasons for overruling the motion in arrest of judgment, with regard to this complaint: (1) That no objection was made by the defendant or his attorney when the oath was administered to the witnesses, or until after the conviction; and (2) that the police sergeant was a notary public, qualified to administer the oath.

[1, 2] Our opinion is that the judge of the city court of Shreveport, who is, by virtue of his office, clerk of that court, should administer the oath to the witnesses. A police officer, though he be also a notary public, is not the proper officer to swear the witnesses in the trial of a lawsuit. But we are also of the opinion that the defendant's objection to the manner in which the oath was administered in this case came too late. The fact that the error is apparent on the face of the record, or, as in this case, is admitted by the trial judge, is not in itself a cause for setting aside the conviction on a motion in arrest of judgment. The error in this case was an informality or irregularity to which the defendant should have objected when it was committed if he intended to object at all. The situation is very much the same as if the statements of witnesses who were not sworn at all had been introduced in evidence against the defendant, without any objection on his part. In the case of State v. Jackson, 25 La. Ann. 537, it was held that, having had the benefit of the trial and an opportunity to be acquitted, the defendant could not, after conviction, successfully complain of an informality or irregularity in the drawing of the jury. In State v. Nunez, 26 La. Ann. 605, it was held that the objection that the party who filed the information as district attorney pro tempore was not appointed to that office, and that his official act was null, could not be successfully urged in a motion in arrest of judgment, but should have been urged before the defendant went to trial. In State v. Swift, 14 La. Ann. 827, it was held that an objection to the method of drawing and impaneling the grand jury came too late in a motion in arrest of judgment. That decision was cited with approval in State v. Millican, 15 La. Ann. 557, where

it was said that a defect merely of form, in the indictment or in the proceedings in a criminal prosecution, however apparent on the face of the record, could not be the basis for a motion in arrest of judgment.

[3] The validity of the verdict and sentence appealed from does not depend upon the constitutionality or validity of that section (section 3) of Act No. 8 of 1915, authorizing an officer to search any place suspected of being a blind tiger and to seize any intoxicating liquor found in such place, and to bring into court all persons found in such place, along with the liquors. The record in this case does not disclose that the place in which the defendant was accused of operating a blind tiger was subjected to an unreasonable search, or that any liquor was seized, or that he was brought into court without a warrant for his arrest. He cannot require the court to pass upon the constitutionality or validity of provisions of the statute that are entirely irrelevant to the issues presented and do not concern him in this case. See State v. Doremus, 137 La. 269, 270, 68 South. 608. If the section of the law with regard to the search of a place suspected of being a blind tiger and the seizure of intoxicating liquors found there should be held unconstitutional and invalid, the invalidity of those provisions of the law wouⅼⅾ not affect the sections of the statute defining a blind tiger and declaring it a misdemeanor to operate one.

The conviction and sentence appealed from are affirmed.