(115 So. 277)

No. 26625.

### GUIDRY v. SAVOIE et al.

Nov. 28, 1927. Rehearing Denied Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⟐⟐40—Prosecution for misdemeanor cannot be ended by compromise between parties, under statute, without sanction of district attorney, payment of costs, and dismissal by nolle prosequi (Rev. St. 1870, § 990).**

Prosecution for misdemeanor cannot be put at end or abandoned under compromise between parties, made under Rev. St. 1870, § 990, without sanction of district attorney, payment of costs by parties, and dismissal of charge by a nolle prosequi.

**2. Malicious prosecution ⟐⟐51—Failure to allege plaintiff's acquittal held fatal to cause of action for malicious prosecution.**

In action for malicious prosecution where plaintiff was arrested and forced to pay note, *held*, that failure to allege that plaintiff had been acquitted of charge, or that prosecution of same had been abandoned in manner required by law, was fatal to plaintiff's cause of action.

**3. Malicious prosecution ⟐⟐35(1)—Release of prisoner by deputy sheriff is not abandonment of prosecution enabling prisoner to maintain action for malicious prosecution.**

In action for malicious prosecution, mere release by deputy sheriff of prisoner is not such abandonment of prosecution as to enable prisoner to maintain action.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action by Clifton J. Guidry against E. L. Savoie and others. From a judgment dismissing the suit, plaintiff appeals. Judgment amended, and, as amended, affirmed.

J. M. Buatt and William J. Carmouche, both of Crowley, for appellant.

Philip S. Pugh, of Crowley, Percy T. Ogden, of New Orleans, and Medlanka, Bruner & Chambers, of Crowley, for appellees.

LAND, J. Plaintiff has brought the present suit for damages for malicious prosecution against E. L. Savoie, the owner of a "cash auto supply house"; against Curtis Bucy, a deputy sheriff; and against Felix M. Latiolias, sheriff of the parish of Lafayette.

In the court below the defendant Savoie filed an exception of prematurity, which was maintained. Defendant has filed in this court an exception of no cause of action also, and prays that the judgment appealed from be amended so as to maintain this exception.

Defendants Bucy and Latiolias tendered in the lower court exceptions of no cause of action, which were held to be well founded.

From a judgment dismissing suit, plaintiff has appealed.

It appears from the allegations in plaintiff's petition that he purchased from the defendant Savoie, in the month of August, 1922, a bill of goods to the amount of $78, and gave a postdated check on the Crowley Bank & Trust Company in payment of his account.

This check was not paid for want of sufficient funds. Subsequently, an affidavit was made in the city court of Crowley against plaintiff by the defendant Savoie, charging plaintiff with giving defendant a worthless check. A warrant was issued for plaintiff's arrest on this charge.

It is alleged by plaintiff that defendant Savoie, under threats of arrest, compelled plaintiff to execute a note for $78, dated December 15, 1923, in favor of defendant, in payment of the worthless check, and that:

"Savoie accepted the said note in lieu of the said check, and promised to tear up or deliver to your petitioner the said check, which he had failed to do at that time."

Alleging a conspiracy among all of the defendants to arrest plaintiff, in order to force the payment of this note, plaintiff avers that he was arrested by Bucy, deputy sheriff, on February 9, 1924, and that, upon payment of the amount of the note, plaintiff was released, and the check and note were delivered to him by the defendant Bucy.

The exceptions of no cause of action filed by the defendants are predicated mainly upon the point that the petition fails to allege that the prosecution was at an end, at the time the present suit was filed.

Greenleaf states the essentials of a suit for malicious prosecution to be as follows:

"To maintain an action for this injury, the plaintiff must prove (1) that he has been prosecuted by defendant, either criminally or in a civil suit, and that the prosecution is at an end; (2) that it was instituted maliciously and without probable cause; (3) that he has thereby sustained damage." Greenleaf on Evidence (16th Ed.) vol. 2, par. 449, p. 424.

In Irby v. Harrell, 140 La. 829, 74 So. 163, the rule is declared to be that:

"There must have been an acquittal, or else an abandonment of the prosecution equivalent thereto. Greenleaf, vol. 2, p. 449; Starkie, Malicious Prosecution; 25 Cyc. 55; 2 L. R. A. (N. S.) 927, note."

It is also stated in the Harrell Case:

"In this case the prosecution was abandoned, but only as the result of a compromise—of a compromise entered into at defendant's instance. An abandonment, thus solicited by plaintiff, and brought about by a compromise, is not the equivalent of an acquittal." Page 829 (74 So. 163).

It appears, as far as shown by the opinion, that the compromise referred to in the Harrell Case was a mere private agreement between the parties, made without the sanction of the prosecuting officer, and without any dismissal of the charges by that officer, after the payment of costs.

It is provided in section 990 of the Revised Statutes of 1870 that:

"In all cases of an assault and battery, and misdemeanors, when the parties compromise, and the prosecution is withdrawn, no charge shall be brought against the parish; the parties compromising shall pay all costs in such cases; it shall be lawful for the Attorney General, district attorney or district attorney pro tempore to enter a nolle prosequi."

In construing this section in State v. Frazier, 52 La. Ann. 1307, 1308, 27 So. 799, 800, the court said:

"All that the section of the Revised Statutes quoted supra does is to sanction an amicable settlement of assault and battery and misdemeanor cases, and to authorize the prosecuting officer to enter a nolle prosequi. There is no mandate to him to discontinue the prosecution on the demand of the party or parties who originated the same. All through the section is plainly discernible the intention that much is to be left to his discretion in such matters.

"If, in his wisdom, having due regard to the responsible trust committed to his hands, he thinks the ends of public justice may not suffer by reason thereof, he is empowered to acquiesce in the settlement made by the parties concerned and discontinue the prosecution. On the other hand, if he think otherwise, and that the case is one where the party charged with the offense should be held amenable to the law, he has the discretion vested in him to decline the settlement made ex cathedra and proceed with the prosecution."

It is a misdemeanor in this state to obtain money, goods, or anything of value with intent to defraud by the means of making, drawing, or delivering any check upon any bank with the knowledge at the time, on the part of the maker or drawer, that he has not sufficient funds in such bank for the payment of such check in full upon its presentation. Act 209 of 1914.

[1] A compromise of a criminal case is not regulated by the articles of the Civil Code relating to compromise in civil cases, but is governed solely by section 990 of the Revised Statutes of 1870.

A prosecution for a misdemeanor cannot be put at end or abandoned under a compromise between the parties made under this section of the Revised Statutes, without the sanction of the district attorney, the payment of the costs by the parties, and the dismissal of the charge by a nolle prosequi duly entered.

[2, 3] It is clear that the petition fails to allege that plaintiff has been acquitted of the charge, or that the prosecution of the same has been abandoned in the manner required by law. Manifestly, the mere release by a deputy sheriff of a prisoner after arrest is not such abandonment.

The exceptions of no cause of action are well founded and must be maintained.

It is ordered that the judgment appealed from be amended so as to maintain the exception of no cause of action filed in this court by the defendant Savoie, and so as to reject the demand of plaintiff and to dismiss the suit as to this defendant.

And it is now ordered that the judgment appealed from, as amended, be affirmed, and that plaintiff pay the costs in this court and in the lower court.