149 So. 496

## DE BOUCHEL v. KOSS CONST. CO., Inc., et al.

No. 32276.

July 7, 1933.

Richard A. Dowling, of New Orleans, for appellant.

A. Griffen Levy, of New Orleans, for appellees.

OVERTON, Justice.

This is an action for $50,000 damages, brought against the Koss Construction Com-

pany, Inc., and several others. The cause of action rests, in part, upon allegations showing that a conspiracy was formed by the Koss Construction Company, Inc., and the remaining defendants to take, by physical force, land belonging to the mother of plaintiff, the execution of which resulted in the unlawful arrest and imprisonment of plaintiff, while he was lawfully attempting to protect his mother's property, and in causing him to be confined in a narrow cell of the parish jail, in default of a greatly exhorbitant bond, for ten hours, when finally, upon learning of his application to this court for relief, the bond was reduced at the instance of the conspirators to $500, which, upon being furnished, resulted in his release. It is alleged that the object of the conspiracy was to invade and take possession of a strip of land through the property of plaintiff's mother, without expropriating it, or paying compensation for it, for the purpose of building a highway, which the Louisiana highway commission was constructing through the Koss Construction Company, Inc., the commission's contractor. This part of the petition sets forth a cause of action for false imprisonment. The allegations of the petition clearly connect the Koss Construction Company, Inc., with the false imprisonment. Allegations to the foregoing effect having been set forth, there follows a second cause of action, which, it will be observed, does not show that the Koss Construction Company, Inc., was a party to the wrong there set forth. This cause of action, which is for malicious prosecution, as set forth, prior to amendment, reads as follows:

"That subsequent to the arrest herein, an information was filed against your petitioner by Leander H. Perez, district attorney of the parish of St. Bernard, who petitioner believes and therefore avers, is under the political domination and control of Dr. Louis A. Meraux, and that this information was filed at the request, and under the orders, of Dr. Louis A. Meraux, charging your petitioner with disturbing the peace on the public highway, which charge was untrue and unwarranted, and which charge was known to be untrue and unwarranted, illegal and unjustified at the time of its filing, and which charge was made against your petitioner maliciously without any probable cause, for the further purpose of persecuting and harassing him."

There then follows another article, reading:

"Your petitioner was tried on the said charge on July 7, 1931, by the district court in St. Bernard parish with Lawrence A. Bergeron as judge ad hoc, and that, after a hearing, there being no evidence whatsoever against your petitioner, a judgment of not guilty was rendered."

There then follows an allegation, alleging the damages for the malicious arrest, malicious imprisonment, and malicious prosecution to be $50,000, followed by a prayer for judgment in that sum. The petition was filed on July 5, 1932.

On October 3, 1932, the Koss Construction Company, Inc., appeared and filed a plea of prescription of one year against the demand for damages for false imprisonment, and also an exception of no cause or right of action as relates to the demand for damages for malicious prosecution.

On November 14, 1932, which was four months and nine days after the filing of the original petition, and more than one year and four months after plaintiff's acquittal, plaintiff filed an amended petition, the purpose of which was apparently to show a cause of action for malicious prosecution against the Koss Construction Company, Inc., and others, who are not presently before the court, in the event no cause of action was shown against them on the ground alleged in the original petition. The amended petition, after reaffirming all the allegations of the original petition, reads as follows:

"And now amplifying this paragraph [paragraph 10] of his original petition, plaintiff says: that the petitioner herein, after being released from jail, returned to his mother's property to aid and assist her in further resisting the unlawful acts of the conspirators, which were continuing, and who had not yet completed the absolute physical subjugation and control of the said property. That in order to prevent petitioner from effectively aiding or assisting his mother in resisting the conspirators, and in order to frighten and harass him, so that they might have a free hand, the said conspirators did, through Dr. L. A. Meraux, one of them, with the consent and approval of all of them, cause the district attorney to file an information charging your petitioner with a criminal offense, and which was said to have taken place at the same identical time and date and place as the controversy when petitioner was removed forcibly from his mother's premises, and that this charge was part of, and grew out of, the plot of the conspirators herein above mentioned, and for the further purpose of depriving petitioner's mother of the physical and moral support which petitioner would have given her had he been able to at the time; that this charge was untrue and unwarranted; was illegal and unjustified, and was made against petitioner for the purpose of removing him as an obstacle in the way of the conspirators in the furtherance of the conspiracy, and was made maliciously and without any probable cause."

This amended petition, on motion of the Koss Construction Company, Inc., was struck from the record on the ground that it was improvidently permitted to be filed as it was such an amendment as changes the issue. It will be unnecessary for us to consider the propriety of the ruling striking the amended petition from the record, since the Koss Construction Company, Inc., who is the only defendant concerned in this appeal, has filed a plea of one year's prescription, in this court, against the demand for damages for malicious prosecution.

As we have stated, the petition sets forth two causes of action—one for false imprisonment and the other for malicious prosecution. As is said in Johnstone v. Sutton, 1 Term Reports 544 (Eng.), 1 English Ruling Cases 765:

"There is a marked distinction between actions for false imprisonment and those for malicious prosecution. In false imprisonment, the arrest is made either without any legal process or warrant or under a warrant void and null upon its face. In malicious prosecution, the proceedings are had in pursuance of legal process maliciously and wrongfully obtained. As Lord Mansfield

says, "The difference is this: The wrongdoer in making the unlawful arrest or causing it to be made, takes the law in his own hands and acts without a warrant from a court or magistrate while the man who instigates a malicious prosecution puts the machinery of criminal law into operation, causing a warrant to issue and the arrest under the warrant.' "

The same distinction is made by this court in Hunter v. Laurent, 158 La. 874, 881, 104 So. 747, 750, where this court, in quoting from 25 Corpus Juris, 444, 445, § 3, said:

"Although not always observed, the distinction between malicious prosecution and false imprisonment (or false arrest) is fundamental. But briefly, the essential difference between a wrongful detention for which malicious prosecution will lie, and one in which false imprisonment will lie, is that in the former the detention is malicious but under the due forms of law, whereas in the latter the detention is without color of legal authority."

■■ As respects the demand for damages for false imprisonment, the damage and the cause of action therefor arose on the same day, namely, June 5, 1931, which is the day on which plaintiff was both falsely imprisoned and then released from prison. This suit was not filed until July 5, 1932, exactly thirteen months after the damage was sustained. Therefore, under articles 3536 and 3537 of the Civil Code, providing that damages resulting from offenses and quasi offenses prescribe in one year after the damage is sustained, this demand is prescribed. With respect of the second demand—the one for damages for malicious prosecution—the right to maintain a suit upon it arose on the termination of the prosecution favorably to plaintiff. Guidry v. Savoie, 164 La. 1081, 115 So. 277. The prosecution terminated on July 7, 1931, by the acquittal of defendant. Two days before the expiration of one year from the acquittal, the original petition was filed herein, and, we assume, was promptly served. This would have been timely as against the Koss Construction Company, Inc., if that petition had alleged facts showing a cause of action for malicious prosecution against the Koss Construction Company, Inc.; but it did not allege any fact connecting that company with it, either expressly or by reference. The company was not shown to have been connected with the prosecution until the amended petition was filed on November 14, 1932, over a year after its termination. A petition which does not show liability against a defendant, and therefore does not disclose a cause of action against him, does not interrupt, when served, prescription as against such defendant. The prescription of one year, prescribed by articles 3536 and 3537 of the Civil Code, and filed in this court, is therefore well founded.

The plea of prescription of one year, filed in this court, is therefore sustained, as to the only appellee herein, the Koss Construction Company, Inc., the case not having been disposed of as to the remaining defendants, and, as thus amended, the judgment is affirmed; appellant to pay the costs.