O’NIELL, Chief Justice
 

 (concurring in the decree).
 

 I concur in the ruling that prescription was interrupted in this instance, by the filing of the original suit. But I have some misgiving lest the rule on the subject will be rendered too indefinite by the statement: “Where an exception of no right or cause of action is sustained because the petition does not state any right or cause of action whatsoever, prescription is not interrupted by the filing'thereof, and the amended petition, or the subsequent suit, which does set forth a cause of action, or another demand based on different grounds than those contained in the original petition, does not date back to the filing of the original petition, and, if filed after the prescriptive period has elapsed, will be dismissed upon a plea of prescription.” Of course, if the petition, in any case, shows affirmatively that the plaintiff has no cause or right of action — instead of merely failing to show that he has a cause of action — a judgment sustaining a demurrer to the suit puts the matter forever at rest, as res judicata. Hence the question of interruption of prescription is not apt to arise in such cases. But a judgment dismissing a suit on an exception of no cause of action, where the petition merely lacks an essential allegation, of a fact which might nevertheless exist, the judgment is only a judgment of nonsuit. Laenger v. Laenger, 138 La. 532, 70 So. 501. The filing of the original petition, in such a case, disclosing the nature of the plaintiff’s claim, has the effect of interrupting prescription. An apt illustration of the rule was given in a very recent case. Reeves v. Globe Indemnity Company of New York, 185 La. 42, 168 So. 488. There the plaintiff sued the liability insurer alone for damages for personal injuries resulting from an automobile accident, but did not charge any negligence whatever on the part of the owner or driver of the automobile. The allegation was simply that an accident had occurred, within the purview of the terms of the policy. The defendant insurer filed an exception of no cause of action. Before the exception was disposed of, the plaintiff filed a supplemental petition alleging negligence on the part of the owner and the driver of the car. The supplemental petition was filed more than a year after the accident had occurred. The defendant, therefore, pleaded the prescription of one year. It was held that the filing of the original petition had interrupted prescription, even though no cause of action was alleged.
 

 
 *957
 
 It appears to me that the cases cited in the majority opinion in this case, as being instances where the original petition did not state any right or cause of action whatsoever, have features which distinguish them from the present case, and from Reeves v. Globe Indemnity Company of New York. For example, in National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234, the proceeding which the plaintiff contended had interrupted prescription was a garnishment proceeding, brought in an attempt to seize an unliquidated claim for damages. Even in that case I thought (159 La. 86, 109, 105 So. 234, 242) that the garnishment proceeding had interrupted the prescription. In the case of De Bouchel v. Koss Construction Company et al., 177 La. 841, 149 So. 496, the plaintiff sued for damages on two causes of action, one being for false imprisonment, and the other for malicious prosecution. The allegations of the petition disclosed a cause of action against one of the defendants, but not against the Koss Construction Company, for damages for malicious prosecution; and, on an exception of no cause of action, the suit against the Koss Construction Company, so far as it was a suit for malicious prosecution, was dismissed. Thereafter the plaintiff attempted, by supplemental petition, to sue the Koss Construction Company for damages for malicious prosecution, as well as for the false imprisonment. The supplemental petition was filed more than a year after the plaintiff had been acquitted of the charge for which he had been imprisoned and prosecuted. It was held that the original petition did not interrupt prescription so far as the claim 'against the Koss Construction Company for damages for malicious prosecution was concerned. In that case the court treated the demand for damages for false imprisonment and the demand for damages for malicious prosecution as if they were two separate suits. On that theory the ruling on the plea of prescription was correct. In Union Pacific R. R. Company v. Wyler, 158 U.S. 285, 15 S.Ct. 877, 39 L.Ed. 983, the plaintiff, by supplemental petition, stated a cause of action entirely different from the cause of action which he had stated in his original petition, the fault charged against the railroad company being entirely different. It was held, therefore, that the original petition did not interrupt prescription against the cause of action set forth in the supplemental petition. The case of Sicard v. Davis, 31 U.S. (6 Pet.) 124, 8 L.Ed. 342, seems to have been decided on its merits, and does not impress me as being appropriate to the proposition now under consideration. The three appropriate decisions cited in the majority opinion, as I have pointed out, are among the exceptions, which prove the rule.