**John WHITSELL, Plaintiff,**

v.

**Mr. Richard RODRIGUES, Det., et al., Defendants.**

**Civ. A. No. 72–514.**

United States District Court,
E. D. Louisiana.

Dec. 5, 1972.

John Whitsell, pro se.

Richard Michalczyk, Cronvich & Wambsgans, Metairie, La., for defendants.

## ON MOTION TO DISMISS

CASSIBRY, District Judge:

The plaintiff in this case, John Whitsell, was arrested on November 22, 1969, and charged with two counts of aggravated rape. He was duly tried and convicted of those offenses and was sentenced to two life terms, which he is now .serving.[1]

In the present action, filed February 22, 1972, Mr. Whitsell, appearing pro-se, has instituted a civil suit for damages and such equitable relief as may be appropriate[2] against two members of the Jefferson Parish Police Department and the sheriff of Jefferson Parish. While less than artfully pleaded, his allegations appear to attack certain activities the defendants engaged in while arresting him and during the initial period of his confinement. Although these charges will probably have to be refined by subsequent amendments, there are the nascent beginnings of allegations of illegal arrest, search, and confinement already present in the pleadings.

The obvious problem the plaintiff faces here—and the one presented by the defendants' instant motion to dismiss—is prescription. In section 1983 actions federal courts look to the statute of limitations a state court would resort to were similar facts presented to it for

---

1. His conviction was affirmed on direct appeal. State v. Whitsell, 262 La. 165, 262 So.2d 509 (1972).

2. Plaintiff seeks relief under the provisions of 42 U.S.C. §§ 1983, 1988 (1970), and the first and fourteenth amendments of the Constitution of the United States.

resolution.[3] Here the plaintiff's arrest occurred more than two years prior to the institution of the present suit, and at first glance his action appears barred by the one year prescriptive period governing offenses and quasi-offenses in Louisiana.[4] The plaintiff claims, however, that his imprisonment does (or should) act to interrupt the prescriptive period, since to hold otherwise would allow the defendants to be shielded from retribution by the hardships that their own allegedly illegal acts have worked on him. He argues in the alternative that the prescriptive period at least should have been suspended during the pendency of the criminal proceedings brought against him,[5] as the defendants were using the existence of those proceedings as a basis for refusing to answer his interrogatories in the civil action,[6] and so are estopped from making the plea.

However desirable this court might believe such a rule would be as a matter of federal policy,[7] I am precluded from reaching that result if it would be contrary to state law to so hold. In this regard, La.Civ.Code Art. 3521 which provides that "[p]rescription runs against all persons, unless they are included in some exception established by law" and La.Civ.Code Art. 3537 which states in pertinent part that "[t]he prescription mentioned in [Art. 3536] runs . . . from that [day] on which the damage [complained of was] sustained" are relevant. There is no general rule of law in Louisiana—either legislative or judicial—providing for the interruption or suspension of the prescriptive period because of imprisonment; and the above-quoted provisions indicate rather clearly that it is not for this court to establish one by implication.

■ Thus in this case I am obliged to apply the statute of limitations to the plaintiff's federal claim which would be utilized by a state court in treating the most closely analogous state claim that he might present. Here the complaint sounds most closely in false arrest and false imprisonment, and would almost certainly be governed by the one year period for offenses and quasi-offenses established by La.Civ.Code Art. 3536.[8] That is not the end of the matter, however, for the further question arises as to the time from which this one year period begins to run. As to false arrest, Louisiana takes the position that prescription begins to run on the date of the arrest, Meyers v. Edwards, 256 So. 2d 337, 339 (La.App.1971), so that the

---

3. *See, e. g.,* Glasscoe v. Howell, 431 F.2d 863 (8th Cir. 1970) ; Mizell v. North Broward Hospital, 427 F.2d 468 (5th Cir. 1970) ; Crosswhite v. Brown, 424 F.2d 495 (10th Cir. 1970) ; Nevels v. Wilson, 423 F.2d 691 (5th Cir. 1970) ; Knowles v. Carson, 419 F.2d 369 (5th Cir. 1969).

4. La.Civ.Code Art. 3536.

5. These proceedings were terminated by the Louisiana Supreme Court's affirmance of plaintiff's conviction on May 18, 1972, some three months after he filed this suit.

6. The defendant police officials claimed that the information requested was obtained during the investigation of a criminal charge involving the plaintiff, and as such was privileged under the provisions of L.S.A.–R.S. 44 :3 so long as the criminal prosecution against him was still pending.

7. It is far from clear that there are any federal policy considerations favoring such a doctrine. In a case very similar to this one, but arising under the law of Florida,

the Fifth Circuit recently said that it could "discern no reason why the statute should be tolled because [the plaintiff] was incarcerated." Knowles v. Carson, 419 F.2d 369, 370 (5th Cir. 1969). Of course the resolution of this question requires me to apply the law of Louisiana rather than that of Florida, so that *Knowles* is not controlling here.

8. But see Lazard v. Boeing Co., 322 F. Supp. 343, 345–346 (E.D.La.1971), holding that a civil rights action by an employee against his employer under 42 U.S. C. § 1981 was not merely one for tort or back wages which would require application of Louisiana's one-year prescriptive period, but in reality one for discrimination, the cure of which might involve any one of a number of remedies. Viewed in that light, this court held that since Louisiana recognizes no specific cause of action for discrimination, no specific prescriptive period could be used, so that the general ten-year statute was applicable.

plaintiff's cause of action in that regard is prescribed. As to false imprisonment, however, Louisiana apparently follows the majority rule that the prescriptive period does not begin to run until such time as the plaintiff is released from prison, although his cause of action is complete once the last of those acts leading to the harm he is suffering is accomplished. De Bouchel v. Koss Construction Co., 177 La. 841, 149 So. 496 (1933); Annotation, 49 A.L.R.2d 922 (1956); 32 Am.Jur.2d 141 & n. 20 (False Imprisonment, § 84). Since it appears that the plaintiff has been imprisoned continuously since his arrest, his cause of action in that respect is still good.

But while the plaintiff's cause of action is not completely barred, the case in its present posture raises serious problems as to the amount of damages the plaintiff can recover. In an action such as this one, where the plaintiff alleges an activity by the defendant in the nature of a continuing tort, Louisiana courts have long held that:

> Even if the damages are continuing and progressive, plaintiff cannot postpone the bringing of his action for some time after the year [immediately subsequent to the commencement of the harm] and then sue for the whole damages.

Parro v. Fifteen Oil Co., 26 So.2d 30, 33 (La.App.1946). The rule in such circumstances is to confine the plaintiff's recovery to those damages incurred during the year immediately preceding the commencement of his action. *Parro, supra.* There is no apparent reason why a similar limitation should not be imposed here.[9]

Thus the motion of the defendants to dismiss is granted in part and denied in part, in accordance with this opinion.

---

9. Obviously plaintiff's confinement has not prevented him from filing this action, nor did the pendency of the criminal proceedings against him have *that* effect, irrespective of any limitation they might have placed on his subsequent discovery efforts. The plaintiff has not given an excuse for not having filed this action within one year of the onset of his confinement sufficient to justify the lifting of the traditional bar to a full recovery of any damages he might have sustained.