993 So.2d 219 (2008)
Arevel JACKSON
v.
JEFFERSON PARISH CLERK OF COURT, Jon A. Gegenheimer; National Union Fire Insurance Company of Pittsburgh, PA; and Rose Phillips.
No. 2008-C-1150.
Supreme Court of Louisiana.
October 31, 2008.
Writ denied.
CALOGERO, C.J., would grant.
JOHNSON, J., would grant and assigns reasons.
JOHNSON, J.
I would grant the writ application to consider whether Plaintiff's claims are barred by prescription.
In my view, the doctrine of contra non valentem should be applied in this matter. The doctrine of contra non valentem provides that prescription does not run against one who is ignorant of the facts upon which their cause of action is based and applies an exception to the statutory prescriptive period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues. Eastin v. Entergy Corp., XXXX-XXXX, 865 So.2d 49 (La.2/6/04) [citing State Bd. of Ethics v. Ourso, XXXX-XXXX (La.4/9/03), 842 So.2d 346; Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, 1298; Hebert v. Doctors Mem. Hosp., 486 So.2d 717, 723 (La.1986)].
In this matter, Plaintiff was illegally imprisoned on February 5, 2002 because of an incorrect minute entry by the trial court's minute clerk. In February of 2004, plaintiff, without assistance from counsel, filed a Motion to Correct an Illegal Sentence, which was denied by the trial court. Thus, Plaintiff remained incarcerated without legal cause until May 26, 2005. Following his release, Plaintiff obtained legal counsel, who was able to determine the cause of the error that had resulted in Plaintiff's incarceration. The instant suit was filed on January 25, 2006-less than a year after Plaintiff's release.
I find the result reached by the lower courts to be unjust. The Plaintiff was imprisoned without a judgment of the trial court and left with no recourse. Plaintiff was imprisoned with limited access to resources *220 or legal representation. The facts presented in the writ application demonstrate that Plaintiff's counsel conducted an extensive investigation to obtain the relevant transcripts and documents which finally revealed the error which resulted in Plaintiff's wrongful incarceration. Based on the facts of this case, I find it unreasonable to hold that Plaintiff was required to discover the cause of action while he was imprisoned with little or no resources. Thus, I would hold that the doctrine of contra non valentem applies in this case to suspend the running of prescription.
Furthermore, in DeBouchel v. Koss Const. Co., 177 La. 841, 149 So. 496 (1933), this Court suggested that the prescriptive period for a claim of false imprisonment would not begin to run until the time of release. In DeBouchel, this Court considered the defendant's exception of prescription in a false imprisonment case. This Court held that "[a]s respects the demand for damages for false imprisonment, the damage and the cause of action therefor arose on the same day, namely, June 5, 1931, which is the day on which plaintiff was both falsely imprisoned and then released from prison." A brief review of state and federal jurisprudence reflects that other courts have interpreted our holding in DeBouchel as providing that prescription on false imprisonment claims begins to run on the date the imprisonment is terminated.[1]
In Whitsell v. Rodrigues, 351 F.Supp. 1042 (E.D.La.1972), the court, citing DeBouchel, stated that as to false imprisonment, "Louisiana apparently follows the majority rule that the prescriptive period does not begin to run until such time as the plaintiff is released from prison, although his cause of action is complete once the last of those acts leading to the harm he is suffering is accomplished."
In Lathon v. Parish of Jefferson, 358 F.Supp. 558 (E.D.La.1973), the court stated that for a cause of action sounding in false imprisonment, Louisiana follows the majority rule that the prescriptive period does not begin to run until such time as the plaintiff is released from prison.
In Foster v. Phelps, 1987 WL 10461 (E.D.La.1987), the court, citing Lathon, stated that the prescriptive period with respect to plaintiff's complaint of being held in unlawful custody would not begin to run until such time as plaintiff was released from prison.
In Dilosa v. City of Kenner, 2004 WL 2984342 (E.D.La.2004), the court, citing DeBouchel as authority, stated that the tort of false arrest is subject to a one-year prescription period, which begins to run, at the latest, on the day plaintiff was released from prison.
In Murray v. Town of Mansura, 06-355 (La.App. 3rd Cir.9/27/06), 940 So.2d 832, the court cited DeBouchel for the proposition that the false imprisonment cause of action, which includes a claim of false arrest, arose on the day the plaintiff was imprisoned and that the cause of action was subject to a one year prescriptive period and that prescription on such a claim begins to run no later than the date on which the imprisonment is terminated. Thus, the Court held that prescription on Plaintiffs' false arrest and imprisonment claim began accruing no later than March *221 22, 1999, the date plaintiff was released from jail.
The Court is ignoring the long line of jurisprudence derived from our holding in DeBouchel. Because Plaintiff filed suit less than one year after his release from prison, I would find that this suit is not barred by prescription.
NOTES
[1] Admittedly there is some jurisprudence which appears to depart from the holding of these cases, finding that the prescriptive period for false imprisonment runs from the first day of the unlawful imprisonment. [See for example: Buvens v. Buvens, 286 So.2d 144 (La.App. 3rd Cir.1973); McCoy v. City of Monroe, 32,521 (La.App. 2nd Cir. 12/8/99), 747 So.2d 1234]. However, the fact that there is an apparent split in the circuits on this issue is sufficient reason, in my mind, to grant this writ application.