STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-127


MARLON EAGLIN

VERSUS

EUNICE POLICE DEPARTMENT, ET AL.


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 16-C-1766-A
HONORABLE JAMES PAUL DOHERTY  JR., DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and Candyce G. Perret, Judges.

REVERSED AND REMANDED.

Harold Dewey Register, Jr.
216 Rue Louis XIV
Lafayette, LA 70598-0214
Telephone:  (337) 981-6644
COUNSEL FOR:
     Plaintiff/Appellant - Paul Powell

Taylor Stover
Borne, Wilkes & Rabalais, L.L.C.
P. O. Box 4305
Lafayette, LA 70502-4305
Telephone:  (337) 232-1604
COUNSEL FOR:
     Defendants/Appellees - City of Eunice, Eunice Police Department, and
     Chief Randy Fontenot

**THIBODEAUX, Chief Judge.**

Marlon Eaglin filed a petition against the Eunice Police Department, the City of Eunice, and Chief Randy Fontenot, in his official capacity as chief of police for the City of Eunice (defendants), seeking damages for his claims of false arrest and false imprisonment. When Mr. Eaglin attempted to amend his petition to add Paul Powell as a party plaintiff, the defendants filed a peremptory exception of prescription, alleging Mr. Powell's claims of false arrest and false imprisonment had prescribed on the face of the amended petition. Mr. Powell now appeals the trial court's judgment, which granted the exception and dismissed his claims with prejudice. We reverse the judgment of the trial court and conclude that prescription on a claim of false imprisonment begins to run on the date of release from imprisonment.

I.

**ISSUES**

The court must decide:

(1) whether the trial court erred in granting the defendants' exception of prescription based on its finding that the prescriptive period for a claim of false imprisonment begins to run on the date of arrest and not on the date of release; and

(2) whether the trial court erred in finding the amended petition did not relate back to the date of filing of the original petition.

## II.

## FACTS AND PROCEDURAL HISTORY

This civil matter arises out of attempted murder charges brought against Mr. Eaglin, Mr. Powell, and two other suspects, Deontrey Moten and David Little, by the Eunice Police Department. Neither Mr. Eaglin nor Mr. Powell was identified as perpetrators of the alleged crime by either the victim or the victim's girlfriend, who witnessed the shooting. They were, however, implicated as participants to the alleged shooting by Mr. Moten and Mr. Little. All suspects, including Mr. Eaglin and Mr. Powell, were then arrested on May 4, 2015, pursuant to arrest warrants and remained imprisoned until August 21, 2015.

On April 29, 2016, Mr. Eaglin filed a petition for damages against the defendants, raising claims of false arrest and false imprisonment. He subsequently filed an amended petition on May 9, 2016, in which he attempted to bring Mr. Powell into the suit as an additional party plaintiff advancing similar claims for false arrest and false imprisonment against the defendants arising from the same attempted murder charges. In response, the defendants filed, *inter alia*, an exception of prescription, claiming Mr. Powell's claims prescribed on May 4, 2016, one year after the date of his arrest.[1] Mr. Powell opposed the exception by arguing that the amended petition related back to Mr. Eaglin's original, timely-filed petition and that his claim for false imprisonment had not prescribed as prescription did not commence to run until the date he was released from prison.

The trial court granted the defendants' exception of prescription, finding (1) the amendment did not relate back as "there is no legal relationship or

---

[1]In their answer, the defendants raised the exceptions of (1) lack of personal and subject matter jurisdiction; (2) lack of conformity; (3) vagueness and ambiguity; (4) lack of procedural capacity; (5) improper cumulation of actions; (6) no cause of action; and (7) no right of action.

family relationship between Powell and Eaglin to allow the relating back," and (2) the running of prescription on a claim for false imprisonment begins on the date of arrest and not on the date of release. Accordingly, the trial court dismissed Mr. Powell's claims with prejudice.

III.

## STANDARDS OF REVIEW

A peremptory exception of prescription must be specially pleaded and must ordinarily be proven by the exceptor at trial on the exception. La.Code Civ.P. art. 927(B); *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Campo*, 828 So.2d 502. Evidence may be introduced to support or controvert the objection, but in the absence of such evidence, the objection must be decided upon the facts alleged in the petition, with all allegations accepted as true. La.Code Civ.P. art. 931; *Cichirillo v. Avondale Indus., Inc.*, 04-2894, 04-2918 (La. 11/29/05), 917 So.2d 424. If evidence is introduced at the hearing, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Stobart v. State, Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993). However, when the trial court is not called upon to exercise its fact-finding function and the matter involves the determination of purely legal issues, reviewing courts apply a de novo standard of review. *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983).

IV.

## LAW AND DISCUSSION

The correct prescriptive period to be applied in any action depends upon the nature of the action itself. *Roger v. Dufrene*, 613 So.2d 947 (La.1993). Under our default provision, personal actions are "subject to a liberative prescription of ten years," unless otherwise provided by law. La.Civ.Code art. 3499. Delictual actions are subject to a one-year prescriptive period which "commences to run from the day of injury or damage is sustained." La.Civ.Code art. 3492.

"The fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof." *Giroir v. S. La. Med. Ctr., Div. of Hosps.*, 475 So.2d 1040, 1045 (La.1985). Nevertheless, jurisprudence has long required strict construction of prescriptive periods in favor of maintaining, rather than barring, a plaintiff's cause of action because liberative prescription extinguishes a person's right to assert his action merely upon the passage of time. *Williams v. Jackson Parish Hosp.*, 00-3170 (La. 10/16/01), 798 So.2d 921; La.Civ.Code art. 3447.

Citing jurisprudence from both the supreme court and this court, Mr. Powell first argues that the trial court erred in finding prescription on his claim for false imprisonment began to accrue on the date of arrest. After extensively researching this issue, we agree.

In *De Bouchel v. Koss Const. Construction, Inc.*, 177 La. 841, 847, 149 So. 496, 497 (1933), our supreme court held that the plaintiff's cause of action for false imprisonment arose "the day on which plaintiff was both falsely

4

imprisoned and then released from prison" and was subject to liberative prescription of one year. Applying the *De Bouchel* holding, this court in *Murray v. Town of Mansura*, 06-355, p. 7 (La.App. 3 Cir. 9/27/06), 940 So.2d 832, 838, *writ denied*, 06-2949 (La. 2/16/07), 949 So.2d 419, *cert. denied*, 552 U.S. 915, 128 S.Ct. 270 (2007), then found the prescriptive period for a claim of false arrest and imprisonment begins to accrue on the date of release:

> a claim for false arrest and imprisonment arises the day the false arrest and imprisonment occurs. In *De Bouchel*, 177 La. 841, 149 So. 496, the plaintiff asserted claims for false imprisonment and malicious prosecution. The supreme court held that the false imprisonment cause of action, which includes a claim of false arrest, arose on the day the plaintiff was imprisoned and that the cause of action was subject to a one year prescriptive period. Prescription on such a claim begins to run no later than the date on which the imprisonment is terminated. *Id.* Thus, prescription on Plaintiffs' false arrest and imprisonment claim began accruing no later than March 22, 1999, the date Mr. Murray was released from jail.

Even more recently, this court in *Godfrey v. Reggie*, 11-1575, p. 8 (La.App. 3 Cir. 5/2/12), 94 So.3d 82, 89 (quoting *Matthews v. City of Bossier City*, 42,202 (La.App. 2 Cir. 8/15/07), 963 So.2d 516), again recited both the day of imprisonment as well as the day of release for the commencement of prescription in holding: "A cause of action 'for false imprisonment, which includes a claim for false arrest, arises on the day upon which the plaintiff is imprisoned and released.'"

The Supreme Court explained the reasoning behind this "distinctive rule" that recognizes that, while a cause of action for false arrest and imprisonment may arise on the day of arrest and confinement, prescription does not commence until the day of release, in *Wallace v. Kato*, 549 U.S. 384, 388-89, 127 S.Ct. 1091, 1095-96 (2007) (citations omitted) (first alteration in original):

it is "the standard rule that [accrual occurs] when the plaintiff has 'a complete and present cause of action,'" that is, when "the plaintiff can file suit and obtain relief." There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date.

There is, however, a refinement to be considered, arising from the common law's distinctive treatment of the torts of false arrest and false imprisonment. . . . False arrest and false imprisonment overlap; the former is a species of the latter. "Every confinement of the person is an imprisonment, whether it be in a common prison or in a private house, or in the stocks, or even by forcibly detaining one in the public streets; and when a man is lawfully in a house, it is imprisonment to prevent him from leaving the room in which he is." We shall thus refer to the two torts together as false imprisonment. . . .

The running of the statute of limitations on false imprisonment is subject to a distinctive rule—dictated, perhaps, by the reality that the victim may not be able to sue while he is still imprisoned: "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." Thus, to determine the beginning of the limitations period in this case, we must determine when petitioner's false imprisonment came to an end.

As evidenced in *Wallace* and acknowledged by our courts in *De Bouchel*, *Murray*, and *Godfrey*, claims for false arrest and false imprisonment, when incidental to each other, are often referred to and treated as a single claim for prescriptive purposes. And although damage is sustained on the date of arrest and imprisonment, prescription on such claims does not commence until the imprisonment ends most likely due to the reality that the tort victim may not be able to sue while he is still imprisoned. In this manner, *De Bouchel* and its progeny, *Murray* and *Godfrey*, align with the reasoning in *Wallace*.

6

Pursuant thereto, a cause of action for false imprisonment, which includes a claim for false arrest, does not begin to accrue until the date of release.[2] It follows, therefore, that prescription on Mr. Powell's claim for false arrest and imprisonment did not commence until the date of his release, August 21, 2015, and did not toll until August 21, 2016, one year later. Accordingly, we find his claim for false arrest and imprisonment, filed on May 9, 2016, was timely, and we reverse the trial court's judgment holding to the contrary.[3]

## V.

## CONCLUSION

For these reasons, we find the trial court erred in granting the defendants' exception of prescription. We reverse the trial court's judgment and remand for consideration of the defendants' remaining exceptions.

Costs of this appeal are assessed to the Defendants/Appellees.

**REVERSED AND REMANDED.**

---

[2]Both the defendants and the trial court relied upon *Buvens v. Buvens*, 286 So.2d 144 (La.App. 3 Cir. 1973), in which a panel of this court found the prescriptive period on the plaintiff's false imprisonment claim commenced on the date of arrest. Our review of the jurisprudence reveals, however, that *Buvens* is an anomaly that does not follow along the *De Bouchel* continuum and cannot be reconciled with the predominant and more recent jurisprudence from this circuit. Therefore, we refuse to follow and expressly disavow it.

[3]Finding that Mr. Powell's claim for false arrest and imprisonment was timely filed, we need not determine whether the amended petition relates back to the date of filing of the original petition and pretermit any further discussion of this issue.